# Richmond.

## WEST V. WEST.

### January 22, 1920.

1. ALIMONY—*Previous Unchastity—Pregnancy by Another—Consummation of Marriage with Knowledge of Facts.*—In a suit for divorce and alimony, the husband had had previous illicit relations with the wife. At the time of the marriage she was with child, and she alleged that the husband was the child's father. He claimed that he learned immediately after the ceremony of marriage, but before the marriage was consummated, that the child was not his.

   *Held:* That the consummation of the marriage by the husband with knowledge condoned all the wife's previous lapses from virtue.

2. ALIMONY—*Previous Unchastity—Pregnancy by Another—Consummation of Marriage with Knowledge of Facts.*—As a result of the marriage and condonation, as set out in the preceding syllabus, the husband incurred responsibilities from which he could not escape. Among these responsibilities were his duty, under Code of 1919, section 5107, to pay the sums necessary for the maintenance of the woman and to enable her to carry on her suit for divorce, and, under section 5111 of the Code of 1919, to pay such proper permanent alimony upon the dissolution of the marriage as the court might decree.

3. IMPRISONMENT FOR DEBT—*Imprisonment for Failure to Pay Alimony.*—Notwithstanding the abolishment of imprisonment for debt, a court of equity can commit to jail for failure to pay alimony.

4. ALIMONY—*Imprisonment for Failure to Pay—Decree for Alimony Distinguished from Judgment for Debt—Nature of Alimony.*—A decree for alimony is essentially different from an ordinary debt or judgment for money. It is an allowance in the nature of a partition of the husband's property, of which the wife is entitled to a reasonable share for her maintenance. It is an order compelling a husband to support his wife, and this is a public as well as a marital duty—a moral as well as a legal obligation. The liability is not based upon a contract to pay money, but upon the refusal to perform a duty. The imprison-

ment is not ordered simply to enforce the payment of the money, but to punish for the wilful disobedience of a proper order of a court of competent jurisdiction.

5. ALIMONY—*Imprisonment for Nonpayment of.*—While the remedy of imprisonment for failure to pay alimony is severe and harsh, and therefore should not be enforced except where it appears that the defendant is contumacious, still where this does appear there should be no hesitation in imposing the penalty.

6. ALIMONY—*Temporary Alimony—Imprisonment.*—Where in a suit for divorce and alimony the evidence showed that the husband was a strong man, thirty-three years old, at work, the owner of real estate worth $800, and of a boat which he used in connection with his business as an oysterman, while the amount of temporary alimony which he refused to pay was only $30, and it was apparent that he had contumaciously defied the order of the court without legal justification or excuse, a decree ordering the husband's imprisonment was justified.

Appeal from a decree of the Circuit Court of Gloucester county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*F. B. Richardson* and *Jno. R. Saunders,* for the appellant.

*C. S. Smith, Jr.,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

The facts disclosed by this record are, that James West married Mary Sue West after having been arrested and charged with seducing her under promise of marriage. She was at that time with child, and she alleged that he was its father. He admitted having previous illicit relations with her, and he also knew that she had previously had improper relations with other men. He claimed that until just after the marriage ceremony he had been told

88

that the child would be born in November, and that he
married her because he thought it probable that the child
was his because of the time of their first sexual intercourse
in February. Immediately after the ceremony, but before
the marriage was consummated, however, he was told by
his wife that the child would be born in July. He claims
that on learning of this fact he concluded that he was not
the father of the child. Upon this conclusion his whole
defense and assignments of error rest. Notwithstanding
his knowledge, however, of the previous unchaste character
of his wife, he apparently condoned all of her previous
offenses and cohabited with her on the night of the mar-
riage. On the next morning he abandoned and deserted
her, although he contributed small amounts from time to
time thereafter for the support of his wife and the
child. She instituted this suit alleging such desertion, and
the court made her attorney an allowance of $25 on ac-
count of his fee and $10 for her support. At a later date,
after the cause matured, the court made her an additional
allowance of $15 per month, pending the litigation. Six
months later a rule was entered against the appellant,
alleging that he was two months in arrears in the pay-
ment of this temporary alimony. The answer to the rule
states no reason for his default, except that he confidently
believes that the child is not his and that his wife's moral
character is bad, though no misconduct subsequent to the
marriage is alleged. At the hearing, the court entered a
final decree in favor of his wife, divorcing her from the
bond of matrimony, fixing a total fee of $50 for her at-
torney, to be credited by the amount previously paid, and
alimony at the rate of $25 per month until the further
order of the court. It further ordered, as to the arrears
of temporary alimony, that unless paid within fifteen days,
the appellant should be imprisoned in the county jail for
ten days, and from this decree this appeal was allowed.

[1, 2]   The controverted facts all relate to the claim of the appellant that it was impossible for him to have been the father of the child because of the date of his first carnal connection with her.   In our view of the case this is immaterial, because the appellant, with knowledge of all of the facts upon which he now relies, consummated his marriage with the appellee and thereby condoned all of her previous lapses from virtue.   As the result of that marriage and condonation, he incurred responsibilities from which he cannot and should not escape,   Among those responsibilities are his duty, under Code, 1919 sec. 5107, to pay the sums necessary for the maintenance of the woman and to enable her to carry on the suit, and, under section 5111, to pay such proper permanent alimony upon the dissolution of the marriage as the court may decree.

[3, 4]   It has sometimes been claimed that because imprisonment for debt has been abolished, therefore, a court of equity cannot commit to jail for failure to pay alimony. The true doctrine, however, is, that a decree for alimony is essentially different from an ordinary debt or judgment for money.   It is an allowance in the nature of a partition of the husband's property, of which the wife is entitled to a reasonable share for her maintenance.   It is an order compelling a husband to support his wife, and this is a public as well as a marital duty—a moral as well as a legal obligation.   The liability is not based upon a contract to pay money, but upon the refusal to perform a duty.   The imprisonment is not ordered simply to enforce the payment of the money, but to punish for the wilful disobedience of a proper order of a court of competent jurisdiction.   *Messervy* v. *Messervy,* 85 S. C. 189, 67 S. E. 130, 30 L. R. A. (N. S.) 1001, 137 Am. St. Rep. 873; *Smith* v. *Smith,* 81 W. Va. 761, 95 S. E. 199; *Staples v. Staples,* 87 Wis. 592, 58 N. W. 1036, 24 L. R. A. 433, note, 1 R. C. L. p. 960; *In re Popejoy,* 26 Colo. 32, 55 Pac.

1083, 77 Am. St. Rep. 222; *Bronk* v. *State*, 43 Fla. 461, 31 So. 248, 99 Am. St. Rep. 119; *Barclay* v. *Barclay*, 184 Ill. 375, 56 N. E. '636, 51 L. R. A. 351; *State* v. *Cook*, 66 Ohio St. 566, 64 N. E. 567, 58 L. R. A. 625; *In re Cave*, 26 Wash. 213, 66 Pac. 425, 90 Am. St. Rep. 736.

[5]　While the remedy, imprisonment, is severe and harsh and, therefore, should not be enforced except where it appears that the defendant is contumacious, still where this does appear there should be no hesitation in imposing the penalty.

[6]　In this case the evidence shows that the appellant is a strong man, thirty-three years old, at work, the owner of real estate worth $800, and of a boat which he uses in connection with his business as an oysterman, while the amount which he refused to pay was $30, two months temporary alimony.　It is apparent that he has contumaciously defied the order of the court without legal justification or excuse.

As to the right of the wife to a divorce upon the ground of wilful desertion and abandonment, there can be no doubt whatever, and as to the temporary and final allowances for suit money and alimony, the trial court's discretion has been rightly exercised.

*Affirmed.*