# Judith N. Reid

## v.

# Robert A. Reid

Record No. 921001

April 16, 1993

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ., and Cochran, Retired Justice

*John K. Taggart, III (Patricia D. McGraw; Tremblay & Smith*, on briefs), for appellant.

*Ronald R. Tweel (Michie, Hamlett, Lowry, Rasmussen & Tweel, on brief), for appellee.*

JUSTICE LACY delivered the opinion of the Court.

In this appeal we consider whether a trial court may order restitution from a spouse who received spousal support payments pursuant to a court order when that order subsequently was reversed on appeal.

The history of this litigation has been well documented in three published opinions of the Court of Appeals, *Reid v. Reid*, 7 Va. App. 553, 375 S.E.2d 533 (1989) *(Reid I)*, *Reid v. Reid*, 12 Va. App. 1218, 409 S.E.2d 155 (1991) *(Reid II)*, and *Reid v. Reid*, 14 Va. App. 505, 419 S.E.2d 398 (1992) *(Reid III)*. In 1986, the Circuit Court of Albemarle County granted Dr. Robert A. Reid and Judith N. Reid a divorce *a vinculo matrimonii* on the ground that the parties had lived separate and apart for one year. Code § 20-91(9)(a). Dr. Reid also was ordered to pay Mrs. Reid $900 per month in spousal support as part of that order. On appeal of that judgment, the Court of Appeals held that the trial court erred when it denied Dr. Reid a divorce on the grounds of desertion and, consequently, also erred in granting Mrs. Reid spousal support.[1] *Reid I*, 7 Va. App. at 566, 375 S.E.2d at 540.

On remand, Dr. Reid filed a motion seeking a judgment against Mrs. Reid for $25,200, the amount he had paid in spousal support pursuant to the court order.[2] The trial court denied the motion, finding that it had no jurisdiction to enter such an order. Dr. Reid appealed the denial, but a panel of the Court of Appeals affirmed the trial court judgment. *Reid II*, 12 Va. App. at 1234, 409 S.E.2d at 164. On rehearing en banc, the Court of Appeals reversed the trial court judgment and remanded the case for a determination of the amount of restitution that should be ordered. *Reid III*, 14 Va. App. at 514, 419 S.E.2d at 404. Finding that the issue involved is a matter of significant precedential value, Code § 17-116.07(B), we awarded Mrs. Reid an appeal.

---

[1] When the divorce was filed in 1982, a fault ground, such as desertion, barred spousal support. *See* Code § 20-107.1.

[2] Dr. Reid's original motion was for "Equitable Recoupment." The parties now agree, however, that the relief sought is restitution, not recoupment.

■ The Court of Appeals determined that the trial court had both the statutory and inherent authority to order restitution of the amounts Dr. Reid had paid to Mrs. Reid as spousal support. We hold that, to the contrary, neither statutory nor case law vests such authority in the trial court.

■ The only legislative language cited by the Court of Appeals to support its determination that the trial court had statutory authority to order restitution is found in the first sentence of Code § 20-107.1:

Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, and upon decreeing that neither party is entitled to a divorce, *the court may make such further decrees as it shall deem expedient concerning the maintenance and support of the spouses.*

(Emphasis added.) But the italicized phrase does not constitute an open-ended grant of authority to the divorce court. The authority granted by § 20-107.1 relates to orders entered at the time divorce is awarded or denied and is limited to matters of "maintenance and support." Restitution is the recovery of money already paid. It is not concerned with the needs of dependent spouses or with what may be deemed expedient concerning the "maintenance and support of the spouses." Even the authority granted by § 20-107.1 with respect to support orders is subject to limitations contained in that Code section and in other relevant statutes, further demonstrating a lack of statutory authority to order restitution. *See, e.g.,* Code § 20-109.

■ Nor do we find persuasive Dr. Reid's argument that the absence of an explicit statutory prohibition against granting restitution supports the existence of implied statutory authority to order restitution. The General Assembly did not ignore the possibility of altering spousal support awards retroactively, which would effectively occur if restitution were ordered. Provision was made for retroactive treatment when "proceedings are reopened to increase, decrease or terminate maintenance and support for a spouse or for a child," but only "with respect to any period during which there is a pending petition for modification, but [even then] only from the date that notice of such petition has been given to the responding party." Code § 20-112. These provisions are of no aid to a party

seeking restitution for spousal support paid pursuant to an order later reversed. Indeed, the provisions contradict the existence of implied authority to grant such relief.

For its conclusion that the trial court had inherent authority to order restitution, the Court of Appeals relied on *Flemings* v. *Riddick's Executor*, 46 Va. (5 Gratt.) 272 (1848). There, we reversed a trial court order that required payment of money from the assets of certain estates to the plaintiff, Riddick. On remand, the trial court held that it had no jurisdiction to grant the estates' motions for judgment against Riddick for the monies he received pursuant to the previous court order because the mandate on remand did not direct the trial court to order restitution. We reversed again, holding that a trial court's inherent jurisdiction to correct abuse of its process also allows that court to order restitution when its original judgment is reversed on appeal. *Id.* at 280-81.

Without discussing the point, the Court of Appeals assumed that *Flemings*, decided in the context of reversal of a money judgment, is applicable to reversal of an order of spousal support. This Court has not addressed this specific issue previously, but we have recognized that divorce and related matters constitute a distinct category, one not always subject to the body of jurisprudence generally applicable to common law suits and actions.

"A suit for divorce . . . does not involve an appeal to the general jurisdiction of the equity forum." *McCotter* v. *Carle*, 149 Va. 584, 592, 140 S.E. 670, 673 (1927). "The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case *sui generis.*" *Id.* at 593, 140 S.E. at 673. Specifically, we have described a spousal support order as "an order compelling [one spouse] to support [the other], and this is a public as well as a marital duty — a moral as well as a legal obligation." *West* v. *West*, 126 Va. 696, 699, 101 S.E. 876, 877 (1920); *accord Eddens* v. *Eddens*, 188 Va. 511, 517, 50 S.E.2d 397, 400 (1948).

Clearly, there are significant differences between a spousal support order and an ordinary money judgment order. For one thing, the former is based on need, the latter on entitlement. This distinction alone makes the application of *Flemings* to cases involving spousal support orders suspect.

But more important, the inherent authority discussed in *Flemings* is not absolute. For example, while the courts possess "an inherent

power of self-defence and self-preservation'' by way of contempt, *Carter's Case*, 96 Va. 791, 816, 32 S.E. 780, 785 (1899), the power may be regulated by legislative enactment, provided it is not "destroyed, or so far diminished as to be rendered ineffectual." *Id.* *See also* Code § 18.2-458.

■ Incident to the authority granted by Code § 20-96 to award a divorce decree, a circuit court is empowered to enter a final order of spousal support. Code § 20-107.1. The divorce court is given substantial, although not unlimited, discretion to award spousal support and to determine the amount to be paid. Spousal support is based in part on the need of the dependent spouse and since 1982 may be awarded, even where the payor spouse was awarded the divorce on a fault ground, "if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice. . . ." Code § 20-107.1.

■ Once the amount of spousal support is determined, the statutes and case law specifically limit the divorce court's authority to retroactively modify that amount, absent fraud on the court, a claim absent here. Code § 20-109 provides that the divorce court may modify or terminate spousal support that "may thereafter accrue," but makes no provision for modifying an award for support previously accrued. As noted *supra*, retroactive modification is specifically addressed in Code § 20-112: "No support order may be *retroactively* modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." (Emphasis added.) *See also* Code § 20-74, relating to the modification of support orders after criminal nonsupport proceedings are instituted.

■ Finally, the General Assembly specifically has addressed the suspension of a support order pending appeal. Generally, a party appealing an ordinary judgment is entitled to have the execution of the judgment suspended pending an appeal upon the filing of a sufficient appeal bond or irrevocable letter of credit. Code § 8.01-676.1(C). In contrast, a party is not entitled as a matter of course to suspension of a judgment for spousal support pending appeal. Code § 8.01-676.1(D) authorizes a court to refuse to suspend such orders.

■ These statutes allow an initial spousal support award that can be changed prospectively, Code § 20-112, but, the change may only "increase, decrease or terminate" the award. Code § 20-109. In no

case, however, do the statutes envision the imposition of an affirmative obligation of repayment on the dependent, payee spouse.

██ We conclude that the General Assembly has not made statutory provision for restitution of spousal support paid pursuant to an order that is later reversed. And because, as we said in *McCotter*, the jurisdiction of a court of equity is "entirely statutory and limited" in divorce matters, 149 Va. at 592, 140 S.E. at 673, we think that the legislature has modified the inherent power described in *Flemings*.

·Accordingly, we hold that the Court of Appeals erred when it held that the trial court had statutory and inherent authority to order restitution in this case. For this error, we will reverse the judgment of the Court of Appeals and dismiss Dr. Reid's petition.

*Reversed and dismissed.*