COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


ROBERTA K. GODWIN

MEMORANDUM OPINION[*] BY
v.    Record No. 2790-98-1      JUDGE JERE M. H. WILLIS, JR.
OCTOBER 26, 1999

FORREST DEAN GODWIN


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

James A. Leftwich, Jr. (Basnight, Kinser,
Telfeyan & Leftwich, P.C., on brief), for
appellant.

Forrest Dean Godwin, pro se.


On appeal from a final divorce decree, Roberta K. Godwin
contends that the trial court erred (1) in determining that her
retirement benefits are subject to equitable distribution, (2)
in awarding Forrest Dean Godwin twenty-five percent of the
marital portion of those benefits, (3) in calculating periodic
spousal support, (4) in not awarding the divorce on the basis of
Mr. Godwin's desertion or post-separation adultery, and (5) in
finding no arrearage in spousal support payments from February
1996 through November 1998. We affirm in part, modify in part,
reverse in part, and remand.

───────────────

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mr. and Ms. Godwin were married in 1983. In 1988, Ms. Godwin was injured during job training as a Virginia Beach Deputy Sheriff. The injury left her permanently disabled, with lingering pain and impaired health. In 1993, Mr. Godwin left the marital residence due to a deteriorating relationship with Ms. Godwin and the resulting hostile environment. The couple has one child, who resides with Mr. Godwin.

1.

Ms. Godwin contends that the trial court erred in classifying her Virginia Disability Entitlement Benefits as marital property, subject to equitable distribution. Following her injury, she received a lump sum from the City of Virginia Beach in settlement of her workers' compensation benefits. The parties applied this sum to marital purposes. At the time of the commissioner's hearing, she was receiving $819.77 per month in disability retirement benefits. The commissioner reported that the monthly payments were retirement benefits subject to equitable distribution, and the trial court so held.

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987). Pensions and retirement benefits are expressly presumed to be marital property. See

-

Code § 20-107.3.  The record supports the trial court's holding that the monthly payments should be considered retirement benefits.  We affirm that holding.

2.

Ms. Godwin next contends that assuming the monthly benefits are subject to equitable distribution, the trial court erred in awarding twenty-five percent of the marital portion to Mr. Godwin.  She argues that the record before the trial court was insufficient to permit identification of the marital share of the pension.

> Unless it appears from the record that the
> [trial court] has abused [its] discretion,
> that [it] has not considered or has
> misapplied one of the statutory mandates, or
> that the evidence fails to support the
> findings of fact underlying [its] resolution
> of the conflict in the equities, the . . .
> equitable distribution award will not be
> reversed on appeal.

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

The trial court decreed "[Mr. Godwin] is awarded twenty five percent (25%) of the marital share of [Ms. Godwin's] disability benefits . . . ."  Thus, it appears on the face of the decree that the trial court sought to divide only the marital portion of the monthly disability retirement benefits, a property subject to equitable distribution.  However, the trial court failed to determine the marital portion of Ms. Godwin's pension, a determination essential to a fair and effective

-

division.  Therefore, we reverse the judgment of the trial court insofar as it undertakes equitable distribution of Ms. Godwin's pension, and remand the case to the trial court for identification of the marital portion of that pension and an appropriate division of that marital portion.

### 3.

Because determination of equitable distribution is prerequisite to the fixing of spousal support, we reverse and vacate the judgment of the trial court fixing spousal support and remand the case to the trial court for the determination of spousal support following a determination of all matters of equitable distribution.  See Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997).

### 4.

The commissioner reported that "[Mr. Godwin] is guilty of desertion and post-separation adultery, however, neither of these was the actual cause of the dissolution of marriage."  Mr. Godwin excepted to this finding, and the trial court sustained his exception.  Ms. Godwin contends that this was error, because sufficient evidence proved Mr. Godwin's desertion and post-separation adultery.

The trial court ruled that the evidence was insufficient to prove desertion, because Ms. Godwin had asked Mr. Godwin to leave.  Further, "the evidence strongly suggests that he had good reason for initially leaving and remaining separated.  [Ms.

-

Godwin] was argumentative, despondent, and, at times, suicidal." The record supports this ruling.

The trial court ruled that the evidence that Mr. Godwin was sharing a residence and financial responsibilities with a woman other than his wife was not "clear and convincing" proof that he was guilty of adultery.  See Derby v. Derby, 8 Va. App. 19, 24, 378 S.E.2d 74, 76 (1989).  We need not review that ruling.

The divorce was granted on the ground that the parties had lived separately for at least one year.  Even had the trial court sustained the commissioner's findings of fault, "the trial court was not compelled 'to give precedence to one proven ground of divorce over another.'"  Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted).  We affirm the judgment of the trial court on the granting and ground of the divorce.

5.

Finally, Ms. Godwin contends that the trial court erred in finding no arrearage in spousal support from February 1996 through November 1998.  The February 1994 pendente lite order required Mr. Godwin to pay Ms. Godwin $300 per month, payable in equal amounts on the first and fifteenth of every month.  On February 23, 1996, Mr. Godwin moved for abatement.  The trial court found an arrearage in spousal support totaling $1,800, calculated upon omitted spousal support payments from August 1, 1995, through January 31, 1996.  The trial court thus awarded

-

Mr. Godwin abatement retroactive to February 1, 1996.  This was error.

The abatement could not precede Mr. Godwin's filing of the motion.  See Code § 20-112; Reid v. Reid, 245 Va. 409, 412-13, 429 S.E.2d 208, 210 (1993).  Thus, while it lay within the trial court's discretion to modify or abate spousal support, the abatement could not take effect before February 23, 1996.  Mr. Godwin was to make payments of $150 on February 1 and February 15, both dates preceding February 23.  These payments should have been required.  We therefore reverse the trial court on this issue and modify its decree to award Ms. Godwin an additional $300 spousal support for February 1996.

The judgment of the trial court is affirmed in part, modified in part, reversed in part, and remanded.

Affirmed in part,
reversed and modified in
part, and reversed and
remanded in part.

-