COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


S. GREY FOLKES
                                    MEMORANDUM OPINION*
v.   Record No. 0726-00-1                PER CURIAM
                                     SEPTEMBER 19, 2000
PAMELA A. FOLKES


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                     S. Bernard Goodwyn, Judge

          (Gregory S. Larsen; Roy, Larsen, Romm &
          Lascara, on brief), for appellant.

          (Henry M. Schwan, on brief), for appellee.


     S. Grey Folkes (husband) appeals from an order entered by the

circuit court on February 23, 2000.  On appeal, husband contends

the trial court erred by (1) making its modified award of spousal

support retroactive to the date of filing of the petition for

modification; and (2) refusing to find that husband had a change

in income sufficient to justify a material change in

circumstances.  Pamela A. Folkes (wife) seeks an award of

appellate attorney's fees.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## Procedural Background

In a final decree of divorce entered on May 22, 1992, the trial court ordered husband to pay wife monthly spousal support in the amount of $4,500. In 1993, husband filed a petition to decrease the amount of spousal support, and wife filed a petition seeking an increase in spousal support. By order entered June 24, 1994, the trial court denied both petitions and ordered husband to continue paying $4,500 per month for spousal support. In its order, the trial court decreed that "all further matters pertaining to spousal support are hereby transferred" to the juvenile and domestic relations district court (juvenile court).

On January 12, 1998, husband filed a petition with the juvenile court to decrease his spousal support obligation. Shortly thereafter, wife petitioned the juvenile court to increase husband's support obligation.

On May 27, 1998, the juvenile court granted husband's petition and reduced husband's monthly spousal support obligation to $2,500 beginning May 1, 1998. The juvenile court denied wife's petition for increased support and for attorney's fees.

On May 29, 1998, wife noted her appeal to the circuit court.

The parties presented evidence at a September 8, 1999 hearing. On September 9, 1999, the trial court ruled that "no material change in circumstances has occurred which would warrant an increase in the spousal award [to the wife]." The

-

trial court also found that husband "has not shown a change in his income sufficient to prove a material change in circumstances which would warrant" a decrease in spousal support; however, the circuit court found that wife was voluntarily underemployed.  As a result, the circuit court reduced husband's monthly support obligation to $3,250 "effective February 1, 1998, and that's based upon the understanding that the petition was filed in January of 1998."

By letter dated September 24, 1999, husband's attorney asked the trial court to reconsider the retroactive application of its award and "request[ed] that the Decree be effective October 1, 1999."  By letter to counsel dated November 22, 1999, the trial court indicated that, "[u]pon review of the authority provided to the Court, the effective date for the modification of spousal support granted by this Court will be October 1, 1999," the month following the trial court's ruling.  The trial court directed husband's attorney to prepare and circulate an order reflecting that ruling.  By letter dated November 29, 1999, wife's attorney objected to the trial court's new ruling and asked that the trial court reconsider the matter before "entering any Decree."  By letter to counsel dated December 13, 1999, the trial court declared its intention to "reconsider the ruling in its letter of November 22, 1999" and to render a ruling on the matter at the hearing "already on the Court's docket for December 15, 1999."

-

On February 23, 2000, the trial court entered a final order memorializing its decision. In it, the trial court denied wife's request for increased spousal support and granted husband's request for a reduction in spousal support. The trial court ruled that husband shall pay monthly spousal support of $3,250 per month "beginning March 1, 1998." A transcript of the December 1999 hearing was not made a part of the record.

### Retroactive Application of Circuit Court Order

Although the trial court conveyed concurrent jurisdiction to the juvenile court in 1994 pursuant to Code § 20-9(c), it retained "continuing jurisdiction to consider those issues, should it exercise its discretion to do so." Crabtree v. Crabtree, 17 Va. App. 81, 84, 435 S.E.2d 883, 886 (1993).

Despite the absence in the Code of a statute expressly allowing a trial court to modify and award spousal support retroactively to the filing of the petition in juvenile court, the legislature "did not ignore the possibility of altering spousal support awards retroactively." Reid v. Reid, 245 Va. 409, 412, 429 S.E.2d 208, 210 (1993). By enacting Code § 20-112, the legislature "specifically addressed" and provided for "retroactive modification" of spousal support orders "when 'proceedings are reopened to increase, decrease or terminate maintenance and support for a spouse or for a child,' but only 'with respect to any period during which there is a pending petition for modification, but only from the date that notice of

-

such petition has been given to the responding party.'" Reid, 245 Va. at 412, 429 S.E.2d at 210 (quoting Code § 20-112). "Whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992).

Code § 16.1-296(A) allows a party to appeal "any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction."

> "[A]n appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial. . . . [S]uch a trial de novo in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court."

Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986) (quoting Walker v. Department of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982)).

"Orders of the district court requiring support of a spouse remain in full force and effect until reversed or modified by the court to which an appeal has been perfected, or until the entry of a decree in a suit for divorce instituted in a circuit court, in which decree provision is made for spousal support." Martin v. Bales, 7 Va. App. 141, 145-46, 371 S.E.2d 823, 826 (1988) (holding that juvenile court's award of spousal support remained in force after circuit court heard husband's appeal but

-

failed in its divorce decree to address spousal support)
(emphasis added).

Husband filed his petition for modification in the district court in January 1998.  After wife appealed the juvenile court's September 9, 1999 decision modifying the circuit court's original 1993 award of spousal support, the circuit court conducted a trial de novo.  Unlike the situation in Bales, the circuit court specifically addressed spousal support in its decree; therefore, its ruling annulled the decision by the juvenile court.  All that remained was for the trial court to exercise its discretion and determine what date, within the range set forth by Code § 20-112, to require husband to make his first modified support payment.  The record established that husband filed his petition for modification in the juvenile court on January 12, 1998 and wife received personal service on February 10, 1998; therefore, the March 1, 1998 retroactive date for the award to take effect was within the "period during which there [wa]s a pending petition for modification."  Code § 20-112.  Accordingly, we find no error in the trial court's ruling on this issue.

## Modification of Spousal Support

A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va.

-

App. 601, 605, 383 S.E.2d 28, 30 (1989). "We will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

At the ore tenus hearing, husband testified his 1993 gross income was $685,969 and his 1998 gross income was approximately $686,000. At the conclusion of the hearing, the trial court found that "husband has not shown a change in his income sufficient to prove a material change in circumstances, which warrant a modification of support." In so ruling, the trial court explained that "husband's income in 1998 appears to have been about the same as it was in 1993, the last full year before the Court's previous ruling." This decision is supported by evidence and is not plainly wrong.

## Wife's Request for Costs and Attorney's Fees Defending Appeal

Based on the circumstances of this case, we deny wife's request for attorney's fees and costs. See Gayler v. Gayler, 20 Va. App. 83, 87, 455 S.E.2d 278, 280 (1995) (denying request for appellate attorney's fees where husband had reasonable grounds for appeal).

Accordingly, the decision of the circuit court is summarily affirmed, and wife's request for fees and costs is denied.

Affirmed.

-