COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


WILLIAM RUSSELL

                                            OPINION BY
v.    Record No. 1315-00-4         JUDGE NELSON T. OVERTON
                                            MAY 1, 2001
CHARLOTTE RUSSELL, WYOTT RUSSELL AND
 TERI ESPINOSA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      F. Bruce Bach, Judge

         Sandra L. Havrilak (Marlene M. Hahn; Hicks &
         Havrilak, P.C., on brief), for appellant.

         No brief or argument for appellees.


     William Russell (grandfather) appeals the decision of the

circuit court awarding child support to Charlotte Russell

(grandmother).  On appeal, grandfather contends the circuit court

erred by finding that, as a joint legal custodian of his

grandchild, he owes that child a duty of support despite the fact

that the parents retain residual parental rights and are capable

of providing support for their child.  For the reasons that

follow, we agree with grandfather and reverse the decision of the

circuit court.

                          BACKGROUND

     On April 6, 1999, the Fairfax County Juvenile and Domestic

Relations District Court entered a consent order granting joint

legal custody of Alexandra Russell, then eight years old, to her paternal grandparents. Grandfather and grandmother have been divorced since 1993. The consent order delineates, in detail, the visitation schedule that Alexandra's grandparents and parents must follow. The order clearly provides that mother's and father's parental rights are still in force and their consent is specifically required before certain major decisions may be made concerning Alexandra. However, the order does not mention the issue of Alexandra's support.

On April 9, 1999, grandmother filed a petition for child support against grandfather. Grandmother did not name Alexandra's parents in the suit. Grandfather filed a demurrer and moved to join Teri Espinosa (mother) and Wyott Russell (father). The juvenile court overruled grandfather's demurrer, joined mother and father to the suit, and ordered grandfather, mother and father to pay support to grandmother, with whom Alexandra lives. Grandfather noted his appeal to the circuit court and again filed a demurrer. The circuit court overruled the demurrer, finding that grandfather, as a legal custodian, was financially responsible for supporting Alexandra, citing Code § 16.1-228. On May 5, 2000, the court entered an order finding that grandfather, grandmother, father, and mother all owe a duty of support and applied the guidelines for determining child support set forth in Code § 20-108.2 by adding the gross incomes of all four parties

-

and then allocating the support amount due from each party in proportion to his or her income.[1]

ANALYSIS

Grandfather and grandmother were granted joint legal custody of Alexandra pursuant to a consent order. Grandmother has physical custody. "Legal custody" is defined as

> (i) a legal status created by court order which vests in a custodian the right to have physical custody of the child, to determine and redetermine where and with whom he shall live, the right and duty to protect, train and discipline him and to provide him with food, shelter, education and ordinary medical care, all subject to any residual parental rights and responsibilities or (ii) the legal status created by court order of joint custody as defined in § 20-107.2.

Code § 16.1-228. Grandfather's rights and duties with regard to Alexandra are "all subject to any residual parental rights and responsibilities." Id. "Residual parental rights and responsibilities" are defined as:

> all rights and responsibilities remaining with the parent after the transfer of legal custody or guardianship of the person, including but not limited to the right of visitation, consent to adoption, the right to determine religious affiliation and the responsibility for support.

---

[1] The trial court found the monthly incomes of the parties to be as follows:

> Grandmother - $3,083.00
> Grandfather - $5,000.00
> Father       - $6,760.00
> Mother       -   $867.00

-

Id.  Because they retain their residual parental rights, mother and father have a clear duty to provide support for Alexandra. See id.; Code § 20-124.2.  "It is well settled that both parents owe a duty of support to their child."  Commonwealth v. Chamberlain, 31 Va. App. 533, 538, 525 S.E.2d 19, 20-21 (2000).

Code § 20-124.2 provides, in pertinent part, that "[t]he court may order that support be paid for any child of the parties."  The term "parties" in this section refers back to Code § 20-107.2, which states:

> Upon entry of a decree providing (i) for the dissolution of a marriage, (ii) for a divorce, whether from the bond of matrimony or from bed and board, (iii) that neither party is entitled to a divorce, or (iv) for separate maintenance, the court may make such further decree as it shall deem expedient concerning the custody or visitation and support of the minor children of the parties as provided in Chapter 6.1 (§ 20-124.1 et seq.) of Title 20, including an order that either party provide health care coverage.

Grandfather is not a "party" under Code § 20-107.2.  The circuit court did not have the authority to require support payments from grandfather to grandmother.  We have held that a former stepparent has no duty to support his or her former spouse's child absent a clear agreement to do so or the formal adoption of the child.  See NPA v. WBA, 8 Va. App. 246, 249, 380 S.E.2d 178, 180 (1989).  Grandfather did not contractually obligate himself to support Alexandra, and he has not adopted her.  Instead, mother and father, because they retain their

-

residual parental rights, are the sole parties who have a duty of support and in the instant case, the financial ability to support Alexandra. Under Code § 16.1-228, grandmother and grandfather, as legal custodians, have the duty to provide Alexandra "with food, shelter, education and ordinary medical care," but no more. Grandfather must provide these necessities for Alexandra during the periods of the year that she stays with him, but he is not similarly responsible for Alexandra while she is staying with grandmother.

Accordingly, the decision of the trial court is reversed and the case remanded to determine the support obligations of mother and father pursuant to the support guidelines of Code § 20-108.2. In Reid v. Reid, 245 Va. 409, 429 S.E.2d 208 (1993), the Supreme Court announced that under Code § 20-107.1, a trial court does not have the authority to order restitution of amounts paid pursuant to a spousal support order when that order has been reversed on appeal. By contrast, in this case, the trial court did not have the authority to order grandfather to make child support payments. Consequently, the support obligations of mother and father shall be applied retroactively to the date of filing of grandmother's petition, and grandfather shall be reimbursed for any support payments he made under the circuit court's order.

Reversed and remanded.

-