COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


KARL W. MEYERS

                                                        MEMORANDUM OPINION*
v.        Record No. 1920-03-4                              PER CURIAM
                                                          DECEMBER 9, 2003
MARY C. MEYERS


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                             Michael P. McWeeny, Judge

            (Mark H. Botzin, on brief), for appellant.

            (David M. Levy; Surovell, Markle, Isaacs & Levy, P.L.C., on brief),
            for appellee.


        Karl W. Meyers (father) appeals an order of the circuit court sustaining the demurrer of

Mary C. Meyers (mother).  He contends the court erred in sustaining the demurrer because, under

the circumstances of this case, he was entitled to an award of restitution for child support payments.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court.  Rule 5A:27.

        The parties were divorced in Florida in 1989, and father was ordered to pay child support for

the parties' two minor children.  Thereafter, mother and the children moved to Virginia.  Mother

requested that the Florida judgment be registered in Virginia and petitioned the juvenile and

domestic relations district court (JDR court) to enforce and modify the provisions of the judgment.

Although the registration order was not signed, the JDR court entered an order enforcing the Florida

judgment and increasing father's child support obligation.  Later, father discovered that the Florida

judgment had not been properly registered in Virginia per the terms of the Uniform Interstate

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Family Support Act. Father petitioned to vacate the JDR court order and direct mother to repay the monies erroneously awarded. The JDR court concluded that it "did not have jurisdiction to make modifications in the Florida order," but was "powerless to order any remedial action to compensate [father] for payments made pursuant to the modification." Father appealed to the circuit court, which sustained mother's demurrer.

In Reid v. Reid, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993), the Supreme Court ruled that a trial court has no statutory or inherent authority to order restitution of spousal support paid pursuant to an erroneous order. This principle applies equally as well to child support cases. Wilson v. Wilson, 25 Va. App. 752, 760, 492 S.E.2d 495, 499 (1997). We find no exception in Reid that would entitle father to restitution under the circumstances of this case. "[W]e are bound by decisions of the Supreme Court of Virginia and are without authority to overrule [them]." Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991).

Accordingly, we affirm the decision of the circuit court.

Affirmed.