## CIRCUIT COURT OF ROANOKE COUNTY

Gerald Wayne Baldwin

v.

Katrina Lynn Baldwin

October 21, 2009

Case No. CL09-1061

BY JUDGE CLIFFORD R. WECKSTEIN

Counsel have endorsed and tendered a proposed final decree in this case. As things currently stand, however, I am not able to enter a valid final decree.

As is known, suits for divorce are *"sui generis,"* or unique. *Reid v. Reid*, 245 Va. 409, 413, 429 S.E.2d 208 (1993). The court's "jurisdiction in divorce suits is purely statutory." *Lapidus v. Lapidus*, 226 Va. 575, 579, 311 S.E. 2d 786 (1984).

> It is an undoubted general principle of the law of divorce in this country that the courts . . . possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings, or practice in it, or to the mode of enforcing the judgment or decree, authority must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised.

*McCotter v. Carle*, 149 Va. 584, 594, 140 S.E. 670 (1927) (quoting *Barker v. Dayton*, 28 Wisc. 367 (1871)); *accord, Reid*, 245 Va. at 413.

The Clerk received and filed this suit, and issued process, on July 17, 2009. Some ten days later, Mr. Dull, as "counsel for the defendant," executed an "Acceptance of Service of Process and Waiver of Future Service of Process." That document, which was on Ms. Johnstone's firm's pleading paper, said: "I have received a copy of the Complaint in this matter, filed June 16, 2009 [*sic*]. I understand that my receipt of these documents and my signature below constitutes the acceptance of service of process in this matter." A notary public attested that the document was "Subscribed and sworn to/affirmed . . . by Paul A. Dull, Esquire."

Although a letter from Ms. Johnstone, dated September 21, 2009, ostensibly transmitted to the Clerk "an Original Acceptance of Service of Process and Waiver of Future Service of Process which has been executed by the Defendant," the only such document in the record is the one that Mr. Dull signed.

There is no indication in the record that the defendant, herself, was served with process or executed any document accepting or waiving service of process. No answer has been filed.

Under Rule 3:5 of the Rules of the Supreme Court of Virginia, "Upon the commencement of a civil action defendants may appear voluntarily and file responsive pleadings and may appear voluntarily and waive process, *but in cases of divorce or annulment of marriage only in accordance with the provisions of the controlling statutes.*" (Emphasis added.) *See* Va. Code § 8.01-327 ("However, service of process in divorce or annulment actions may be accepted *only* as provided in § 20-99.1:1.") (emphasis added).

Under Va. Code § 20-99.1:1:

1. A defendant "may accept service of process by signing the proof of service before any officer authorized to administer oaths"; or

2. "Service of process may be accepted or waived by any party, upon voluntary execution of a notarized writing specifying an intent to accept or waive any particular process." (Who is to execute this writing? It "may be provided in the clerk's office of any circuit court, and may be signed by such party to the proceedings" before any clerk or deputy clerk of any circuit court, under oath, or may be *drafted and filed* by counsel.") (emphasis added) ; or

3. A defendant may, by filing an answer, accept or waive service.

Virginia's "savings statute," § 8.01-288, which states the general rule that process received in time is good, even if it is neither served nor accepted, begins with the words "[e]xcept for process commencing actions for divorce or annulment."

I am of the opinion that the defendant is not yet before the court; that process has not been served, waived, or accepted. If, at this point, Ms. Baldwin, by counsel, were to file an answer, waiving service of process, depositions could then be taken and filed, and a new final decree could be presented.

Murphy's Law was at work in this case. The plaintiff's notice for the taking of depositions was filed with the Clerk on September 8, 2009. At the same time, the Clerk filed a letter from Ms. Johnstone, transmitting the deposition notice. That letter stated that Ms. Johnstone was, by copy, advising Mr. Dull of the notice's filing and of its contents; the notice itself has no mailing certificate. If Mr. Dull was "counsel of record," there should have been a mailing certificate. If he was not, then Ms. Baldwin should have been served.

Rule 1:5 provides that " 'Counsel of record' includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case." I do not think that the document that Mr. Dull executed was either "a pleading" or a notice of appearance. One cannot endorse a pleading as "counsel of record" unless one has become counsel of record." Previously-taken depositions should not be "updated," however, since they were taken before the parties were at issue.