**Alexandria**

THOMAS FRANKLIN DAY, II

v.

BURNADEANE EILEEN CUMBIE DAY

No. 0610-88-4

Decided July 5, 1989

COUNSEL

Dennis J. Smith (Robert E. Shoun, P.C., on brief), for appellant.

Mark A. Barondess (Sandground, Smolen, Barondess, West & Plevy, P.C., on brief), for appellee.

OPINION

KEENAN, J.—The main issue in this divorce suit is whether the trial court erred in ordering the appellant, Thomas Franklin Day, II (husband) to assume responsibility for certain marital debts arising from credit card obligations and an auto loan.[1] We find that the trial court had no statutory authority to order the husband to pay these debts and therefore, we void this provision of the final divorce decree.

In October 1986, the appellee, Burnadeane Eileen Cumbie Day (wife), filed a suit for divorce alleging cruelty and constructive desertion. She also prayed for custody of the parties' two children, spousal and child support, and a monetary award pursuant to Code § 20-107.3. The husband filed a cross-bill seeking a divorce on the ground of desertion. He also sought custody of the parties' two children, child support, and a monetary award under Code § 20-107.3.

In December 1986, the trial court referred this cause to a commissioner in chancery who, after an *ore tenus* hearing in June 1987, recommended that a divorce be granted to the wife on the grounds of the husband's willful cruelty and constructive desertion. Exceptions to the commissioner's report were filed by the husband in August 1987. On December 28, 1987, the parties appeared at a hearing in the trial court for entry of the final divorce decree. The trial court overruled the exceptions to the commissioner's report filed by the husband and granted the wife a divorce a *vinculo matrimonii* from the husband on the grounds of cruelty and constructive desertion. At the December 28, 1987 hearing, the trial court also ordered the husband to assume responsibility for certain marital debts listed on a debt payment schedule. These

---

[1] Other issues raised by the husband on this appeal have no precedential or public value, and therefore, are considered and disposed of in an unpublished memorandum opinion filed with the clerk of this Court from whom it is available upon request.

debts were primarily for credit card obligations and an auto loan. In so doing, the court stated:

All right. Well, so far as this payment schedule is concerned, I did not intend that to be a lump sum sort of payment in any sense of the word. It was — These were debts and obligations that were listed on Mr. Day's financial statement. They are things that I think he should be responsible for. . . .

When questioned about his authority to enter such an order, the trial judge stated: "I'm not making it as support, as such, not a continuing type of support, but just something that he does have to pay. . . ." The trial judge also stated:

The authority is that this is an obligation that he has listed on his debt schedule — that he has listed on his financial statement. It's something that I feel is his responsibility, not his wife's responsibility. And he should pay. So in the Order, just provide that he is to pay it. . . .

Accordingly, the portion of the final divorce decree at issue in this appeal provided:

ADJUDGED, ORDERED and DECREED that the Defendant (husband) shall be solely responsible for all debts on the Debt schedule, attached hereto and incorporated herein by reference, and that the Defendant shall pay the outstanding balances due directly to said creditors. . . .

The husband maintains that the court lacked authority to declare him responsible for the said debts and to order him to make payments directly to the creditors. We agree.

It is well-settled that jurisdiction in divorce suits is purely statutory. *Lapidus v. Lapidus*, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984); *Johnson v. Johnson*, 224 Va. 641, 645, 299 S.E.2d 351, 353 (1983); *Westbrook v. Westbrook*, 5 Va. App. 446, 455, 364 S.E.2d 523, 529 (1988). As such, it "cannot be acquired by the court inferentially or through indirection." *Johnson*, 224 Va. at 645, 299 S.E.2d at 353-54. Further, the General Assembly has conferred jurisdiction on the trial court to resolve divorce and re-

lated issues in specific, detailed language. *Lapidus*, 226 Va. at 578, 311 S.E.2d at 788.

■ The divorce statutes enacted by the General Assembly contain no provisions authorizing the action ordered by the trial court. The trial court is authorized by statute to order monetary payments or awards only in the form of spousal support (Code §§ 20-107.1, 109), child support (Code §§ 20-107.2, 108), or monetary awards made pursuant to Code § 20-107.3. In the case before us, the only explanation given by the trial judge was that the order was not "support, as such." The trial court could cite no authority or rationale and we can find none for ordering the husband to pay the parties' creditors.

■ The provisions of a decree must be declared void if the character of the judgment was beyond the power of the court to render. *Lapidus*, 226 Va. at 579, 311 S.E.2d at 788. We find that the trial court's action in declaring the husband responsible for the debts listed on the debt payment schedule, and ordering him to pay the balances directly to the creditors, was a ruling beyond its power to make. Accordingly, we find that this provision in the final decree of divorce is void and remand the cause to the trial court for entry of a decree consistent with the holding expressed herein.

*Reversed and remanded.*

Barrow, J., and Duff, J., concurred.