COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DEBORAH A. WILLIAMS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2443-97-1      JUDGE JOSEPH E. BAKER
                                       JUNE 30, 1998
WILEY D. WILLIAMS


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        John K. Moore, Judge

          Carl W. Isbrandtsen (Carl W. Isbrandtsen, P.C.,
          on briefs), for appellant.

          Moody E. Stallings, Jr. (Kevin E. Martingayle;
          Stallings & Richardson, P.C., on brief), for
          appellee.


     In this appeal from a decree of divorce entered by the

Circuit Court of the City of Virginia Beach (trial court),

Deborah A. Williams (wife) contends the trial court

(1) erroneously classified common stock of B. R. Williams & Son,

Inc. (the company), registered in the name of Wiley D. Williams

(husband), as separate property, or, in the alternative,

(2) erroneously classified as separate property real estate known

as Lot 72, Section 6, Corova (Lot 72), and (3) erroneously valued

husband's interest in real property known as Mandan Road.

Finding no error, we affirm the judgment of the trial court.

     As the parties are familiar with the record, we state only

those facts necessary to an understanding of this opinion.  In

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

doing so, we separately discuss the applicable facts relating to the issues raised and view the evidence in the light most favorable to the prevailing party below. The evidence was heard by a commissioner in chancery, to whom the matter was referred by the trial court.

Pursuant to Code § 20-107.3, the trial court is authorized to make monetary awards. See Day v. Day, 8 Va. App. 346, 349, 381 S.E.2d 364, 366 (1989). The trial court's findings are presumed correct on appeal and are given "great weight" by this Court. See Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997) (quoting Panlock v. Gallop, 207 Va. 989, 994, 154 S.E.2d 153, 157 (1967)). The party who asserts the trial court erred in making such findings "is required to overcome the presumption by record proof." Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992). Therefore, in reviewing the record and wife's claims, we must accord great deference to the trial court's findings, and its judgment will not be disturbed unless plainly wrong or without evidence to support it. See, e.g., Keyser v. Keyser, 7 Va. App. 405, 409, 374 S.E.2d 698, 701 (1988) (citing Code § 8.01-680).

### Stock of B. R. Williams & Son, Inc.

Husband and his parents formed the company in 1972, prior to husband's marriage to wife. Husband, his father, and his mother each received one-third of the outstanding shares of the company's stock. Upon his father's death in 1982, husband

inherited his father's one-third share in the company. Subsequently, husband's mother loaned the company a total of $85,000, which has never been repaid.

In 1986, husband and wife borrowed and advanced $4,500 to the company, which, with $16,500 of the company's money, was used to purchase two real estate lots in Currituck, North Carolina, identified as Lot 72, Section 6 (Lot 72), and Lot 6, Section 4 (Lot 6). Husband's original intent was to title each lot in the company's name; however, "during closing," at which wife was not present, husband directed Lot 6 be titled jointly to him and wife and Lot 72 be titled in the company's name only. Wife testified she was unaware Lot 72 had not also been titled jointly in the parties' names.

The commissioner accepted husband's testimony that Lot 72 was intended to be corporate property and recommended it be declared separate property owned solely by the company and valued at $41,282. Wife claimed Lot 72, titled to the company, was an asset she contributed to the company which transmuted husband's stock to marital property. However, the trial court rejected that claim, and we cannot say its decision was clearly wrong.

In addition, the commissioner reported the evidence disclosed that the company stock had no fair market value other than the value of the lot, and the record confirms that the company had no assets other than Lot 72. The trial court accepted the commissioner's appraisal. Because no evidence

- 3 -

supports a contrary view and the debt to husband's mother was twice the amount of the sole corporate asset, we cannot say the trial court's decision was clearly wrong or without evidence to support it.

## The North Carolina Property

The commissioner reported Lot 6 was marital property, and the trial court agreed. The parties do not contest that decision. The commissioner noted, and in fact the record shows, there was considerable dispute over whether the parties intended Lot 72 to be owned by the corporation or by the parties jointly. While the evidence is conflicting, the trial court accepted husband's evidence when it declared Lot 72 and the company stock owned by husband to be separate properties. The commissioner noted the property was titled in the corporate name and accepted the testimony presented by husband that only corporate assets were used to purchase Lot 72 and that it was always the parties' intent to title it in that manner. He implicitly rejected wife's assertion that the corporate monies paid for the lots were salary to husband rather than funds for purchase of an asset (Lot 72) for the company. He also rejected wife's claims of resulting trust, fraud, and transmutation.

Viewing the evidence in the light most favorable to husband as the prevailing party below, we cannot say the trial court erred in making that decision.

## Mandan Road

Wife contends the trial court made an erroneous monetary award in favor of husband when it approved the commissioner's proposed division of the equity in the Mandan Road property. The commissioner's report, approved by the trial court, contained the following analysis:

> Mandan Road, Virginia Beach, Virginia. The marital home is legally titled in the [wife]. It has a fair market value of $89,000.00 and secures a debt of approximately $53,000.00, leaving an equity of $36,000.00. It is marital property. Considering sale expenses, the equity would be reduced by at least $7,000.00, for an equity of $29,000.00, or Defendant's share of $14,500.00.

Wife does not dispute the classification of the property as marital, although it was titled in her name only. Rather, she contends husband's share had no value.

In this appeal, the burden is upon wife to show by the record that the trial court's finding constituted reversible error. We hold wife failed to show by this record that the trial court erroneously valued husband's marital interest in Mandan Road.

The parties do not dispute that, when they resided together in the Mandan Road house, the property was titled in wife's name only. Originally, the property secured two loans made to the parties jointly. A first mortgage favored Life Savings Bank. The balance owed was $23,351.12. The second lien secured a loan made to the parties by Seaboard Savings Bank with a $28,754.29 balance owed. Seaboard demanded payment of the balance due it,

causing the parties to refinance the debts.  For reasons disputed, the new lender would not accept husband as a borrower, and wife became sole owner of the property and solely responsible for the amount borrowed.  An exhibit discloses this loan was in the amount of $55,000; $23,351.12 of the loan paid Life Savings and $28,754.29 of the loan paid Seaboard.  Wife concedes the loan from Life Savings was for the mutual benefit of the parties.  However, she asserts the $28,754.29 paid to Seaboard was for monies borrowed solely for the benefit of the company.  Wife's exception to the commissioner's valuation was as follows:

> The Commissioner failed to account for $28,000.00 in debt of B.R. Williams & Son, Inc. (a corporation solely owned by the defendant and his mother).  The plaintiff will have to pay back this debt by repayment of the Note secured by the property, although the benefit of same accrued to the corporation.

Wife was equally liable with husband on the Seaboard loan. The evidence concerning use of the Seaboard loan proceeds is tenuous, at best.  Viewed in the light most favorable to husband, wife did not know for what purpose the Seaboard loan monies were used, and husband testified some of the money was "for use in my business," some was "to pay house payments" when the parties were living in LagoMar, and at least $1,000 went toward the purchase of the Corova lots.  Wife excepted to the commissioner's recommendation, but the trial court overruled her exception. Because wife failed to file a transcript of the proceedings held in the trial court on those exceptions, we cannot determine

- 6 -

whether the trial court erroneously valued the parties' respective interests in Mandan Road.[1]  Wife has not met her burden of proving the trial court committed reversible error when it approved the commissioner's recommended division of the equity in Mandan Road.  Therefore, we cannot say the trial court erred in holding wife solely responsible for the balance from the Seaboard loan.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[1]Code § 20-107.3 mandates that the court determine the ownership and value of all real and personal property of the parties.  The determination must go beyond mere guesswork.  <u>See, e.g.</u>, <u>Artis v. Artis</u>, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987); <u>Hodges v. Hodges</u>, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986).