Present: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

O. RIDDICK HARRELL, JR.

v. Record No. 052629    OPINION BY JUSTICE DONALD W. LEMONS
                                November 3, 2006
CHRISTINA H. HARRELL

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in affirming the trial court's reservation of spousal support to a party without a valid pleading requesting it. For the reasons stated below, the judgment of the Court of Appeals will be reversed.

I.    Facts and Proceedings Below

Christina H. Harrell ("Ms. Harrell") and O. Riddick Harrell, Jr. ("Mr. Harrell") were married on November 22, 1969. The parties separated on June 27, 2003. On June 15, 2004, Ms. Harrell filed a bill of complaint for a no-fault divorce in the Circuit Court of the County of Chesterfield. This bill of complaint was filed before the expiration of the one year separation period required by Code § 20-91(9)(a). The complaint requested that Ms. Harrell "be awarded temporary and permanent spousal support." On June 15, 2004, Ms. Harrell also filed a motion for relief pendente lite in which she moved the court to direct Mr. Harrell to pay temporary spousal support. On June 29, 2004, without leave of court, Ms.

Harrell filed an amended bill of complaint.  In her amended complaint, Ms. Harrell requested a divorce on the grounds of adultery and again requested "temporary and permanent spousal support."  On July 1, 2004, Mr. Harrell filed an "Answer and Motion to Dismiss the Plaintiff's Bill of Complaint for Divorce."  Included in Mr. Harrell's answer and motion to dismiss was a cross-bill in which he requested "that he be awarded permanent spousal support."  Ms. Harrell did not file an answer to the cross-bill.

On November 3, 2004, the trial court issued an opinion letter in which it ruled on several issues.  First, it granted Mr. Harrell's "Motion to Dismiss the Bill of Complaint" because the bill was filed before the passage of the period of separation required by statute.  The opinion letter also stated that the amended bill of complaint was not properly before the Court because Ms. Harrell had not sought leave of court to file it pursuant to Rule 1:8.  The trial court indicated it would grant a divorce based on Mr. Harrell's cross-bill.  Finally, the trial court indicated that the final decree should include a "reservation of Ms. Harrell's right to request spousal support pursuant to Va. Code 20-107.1(D)."

In response to the November 3, 2004, opinion letter, Ms. Harrell filed "Defendant's Omnibus Motion for Relief" ("omnibus motion") wherein she requested that her amended bill

of complaint be deemed an answer to the cross-bill, thereby placing the issue of a permanent award of spousal support before the court. She also requested that her "prior pleadings" be deemed sufficient to place her request for permanent spousal support before the court.

On January 18, 2005, in a final decree, the trial court dismissed Ms. Harrell's bill of complaint and granted a final divorce to Mr. Harrell based solely on his cross-bill. The trial court's decree ordered that "both parties [were] entitled to a reservation of the right to request spousal support." The trial court never specifically ruled on Ms. Harrell's motion to consider her amended bill of complaint as an answer to the cross-bill or to "deem her prior pleadings . . . to be responsive pleadings sufficient to place before [the trial court] the matter[] of spousal support." Significantly, however, in the final decree, the trial court does not recite that the amended bill of complaint was one of the pleadings it considered and the trial court ordered that the bill of complaint be dismissed.

On February 11, 2005, Mr. Harrell filed a timely notice of appeal. The Court of Appeals affirmed the judgment of the trial court. Because the Court of Appeals' judgment involves a matter of significant precedential value, we granted Mr.

Harrell an appeal to this Court.  See Code §§ 17.1-410(B) and -411.

## II.  Analysis

On appeal, Mr. Harrell advances three assignments of error.  First, "[t]he trial court erred in granting wife relief in the absence of a valid pleading."  Second, "[t]he trial court erred in awarding wife a reservation of spousal support in the absence of a specific prayer for that form of relief."  Third, "[t]he trial court erred in granting wife a reservation of spousal support without considering all of the factors contained in Virginia Code Section 20-107.1(E)."  Ms. Harrell assigns cross-error as follows:  "The trial court erred in dismissing wife's original bill of complaint."  Under well-established principles, we review such questions of law de novo.  Westgate at Williamsburg Condominium Ass'n v. Philip Richardson Co., 270 Va. 566, 574, 621 S.E.2d 114, 118 (2005).

Code § 20-79(b) states "[i]n any suit for divorce, the court in which the suit is instituted or pending, when either party to the proceedings so requests, shall provide in its decree . . . support and maintenance for the spouse." (Emphasis added.)  Pursuant to Code § 20-79(b), a party must request spousal support in order to be granted that relief.

In Potts v. Mathieson Alkali Works, 165 Va. 196, 181 S.E. 521 (1935), this Court held:

> No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other.

Id. at 207, 181 S.E. at 525 (citation omitted).

Ms. Harrell alleges that she properly pled her request for spousal support in several of her pleadings: the bill of complaint, the amended bill of complaint, the motion for relief pendente lite, and in the omnibus motion for relief. We will address each in turn.

In her bill of complaint, Ms. Harrell's grounds for divorce were that she and Mr. Harrell had "lived separate and apart for a period of more than one year" pursuant to Code § 20-91(9)(a). The bill of complaint also requested that Ms. Harrell be awarded "temporary and permanent spousal support." However, when Ms. Harrell filed the bill of complaint, she had not been separated from Mr. Harrell "without interruption for one year" as required by the statute. Code § 20-91(9)(a). "[J]urisdiction in divorce suits is purely statutory," Sprouse v. Griffin, 250 Va. 46, 50, 458 S.E.2d 770, 772 (1995), and this Court has held that "[t]he act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit, not based upon some act or conduct alleged to have taken place during its pendency." Beckner v. Beckner, 204 Va. 580, 583, 132 S.E.2d 715, 717-18 (1963).

5

Consequently, Ms. Harrell failed to state a claim upon which relief could be granted. The trial court had subject matter jurisdiction over the divorce; however, inadequate grounds were alleged in the bill. The trial court properly dismissed the bill for this reason. Consequently, the request for spousal support contained in the bill of complaint abated with its dismissal.

Ms. Harrell's amended complaint was also properly dismissed by the trial court because Ms. Harrell failed to seek leave of court prior to amending her pleading pursuant to Rule 1:8. Her request for spousal support therein abated with the dismissal of the amended bill.

Ms. Harrell's motion for relief pendente lite was insufficient to grant a reservation of permanent spousal support pursuant to Code § 20-107.1. A trial court grants pendente lite relief pursuant to Code § 20-103, while a request for permanent spousal support or a reservation of permanent spousal support is made pursuant to Code § 20-107.1. The two statutory schemes are separate and distinct. See Whiting v. Whiting, 262 Va. 3, 4 (2001) ("This Court further holds that the pendente lite decree awarding spousal support only applied during the pendency of litigation and was terminated when the cause was dismissed by the final decree of divorce."); Reid v. Reid, 245 Va. 409, 412, 429 S.E.2d 208,

209 (1993) ("The authority granted by § 20-107.1 relates to orders entered at the time divorce is awarded or denied and is limited to matters of 'maintenance and support.' "). Ms. Harrell's request for pendente lite support was not sufficient for the trial court to order that Ms. Harrell was "entitled to a reservation of the right to request spousal support pursuant to Section 20-107.1(D)."

Additionally, Ms. Harrell could not be granted a reservation of spousal support based on her "omnibus motion." Ms. Harrell's omnibus motion does not contain an independent request for spousal support. In the omnibus motion, Ms. Harrell requests that the amended bill of complaint be considered an answer to the cross-bill and that all of her "prior pleadings" be deemed "sufficient" to place the issue of spousal support before the trial court. The trial court did not address this matter in its final decree. There was no objection to the failure to rule on the motion and no assignment of error made on this basis.

Ms. Harrell failed to request permanent spousal support in any valid pleading. Her bill of complaint was properly dismissed as premature. Her amended bill of complaint was properly dismissed for failing to comply with the requirements of Rule 1:8 to obtain leave of court before filing. Any request for spousal support contained in either of these

7

pleadings was rendered a nullity by the respective dismissals. Ms. Harrell's separate motion for pendente lite spousal support was inadequate to obtain permanent spousal support. Ms. Harrell's omnibus motion did not contain an independent request for spousal support and the court did not rule on the request to deem prior dismissed pleadings as a request for permanent spousal support or to consider the amended bill of complaint to be an answer to the cross-bill. Ms. Harrell does not assign error to the trial court's failure to rule on the omnibus motion. Finally, Ms. Harrell filed no answer to the cross-bill.

As a consequence, Ms. Harrell had no valid pleading before the trial court requesting permanent spousal support. Without such a pleading, it was error for the trial court to grant a reservation of spousal support to her pursuant to Code § 20-107.1(D).

### III. Conclusion

We hold that the trial court erred in its judgment that Ms. Harrell was "entitled to a reservation of the right to request spousal support pursuant to Section 20-107.1(D)." We do not address assignment of error three concerning compliance under Code § 20-107.1(E). For the reasons stated herein, the assignment of cross-error is without merit. Accordingly, we will reverse that portion of the judgment of the Court of

Appeals concerning a reservation of spousal support to Ms. Harrell, with directions to the Court of Appeals to remand this case to the trial court for entry of a modified decree in accordance with this opinion.

<u>Reversed in part and remanded</u>.