McCULLOUGH, Judge.
Karen A. Wroblewski, formerly Karen A. Russell (wife) and Steven T. Russell (husband) appeal a final order of divorce. Wife argues the trial court erred by (1) awarding her spousal support for a limited period of time when she clearly established her ongoing need for, and the ability of husband to pay, spousal support; (2) awarding her spousal support in tapering amounts without evidence that, in the future, her need for support would diminish or that husband’s ability to pay would *472 “reasonably likely ... be impaired”; (3) entering the final order of divorce and denying her motion for reconsideration in violation of the United States Bankruptcy Court’s Order of Stay; (4) awarding spousal support when factor 8 of Code § 20-107.1(E) could not be determined pending resolution of her Chapter 7 bankruptcy petition; (5) refusing to grant her motion for continuance when her counsel withdrew and in light of her inability to retain new counsel absent the continuance; (6) considering her marital history in determining the equitable distribution and spousal support awards since her prior marriages were not relevant to a determination of her financial assets or ability to support herself; (7) ordering her, in violation of her right to file taxes as “married filing separately,” to pay $30,000 of the nearly $300,000 income tax debt that husband incurred by failing to timely file his income tax returns; and (8) awarding husband all the retirement funds earned during the course of the marriage. Husband argues the trial court erred by (1) awarding spousal support to wife after granting his motion to strike wife’s complaint for divorce because the trial court did not have jurisdiction to make such an award in the absence of a valid pleading before the trial court; and (2) ordering him to pay wife’s health insurance premiums in the absence of either a statutory or jurisdictional basis for the entry of such award. We reverse on the issue of spousal support and otherwise affirm the trial court.
BACKGROUND
Husband and wife married on April 29, 2000 and separated on January 2, 2010. On May 2, 2011, wife filed a complaint for divorce and requested, in part, “support and maintenance, pendente lite, as well as permanent periodic support and maintenance, lump-sum support, and/or a reservation to petition for same in futuro, pursuant to Section 20-107.1 of the Code.” Husband filed an answer and counterclaim, to which wife responded. Wife’s answer to husband’s counterclaim did not include a request for spousal support.
*473 On September 12, 2011, the trial court awarded wife pendente lite spousal support of $20,625 per month.[1] In January 2012, wife filed for bankruptcy protection, necessitating a continuance of the case. Husband filed a motion for relief from the automatic bankruptcy stay. On May 17, 2012, the United States Bankruptcy Court for the Eastern District of Virginia entered an order holding that:
The divorce proceeding is stayed to the extent that the divorce proceeding seeks to determine the division of property that is property of the bankruptcy estate. This does not prevent an equitable distribution hearing (including all state court matters leading up to such hearing) or order considering or taking into account property that is property of the estate in a monetary award. However, property of the bankruptcy estate may not be ordered to be transferred, conveyed, encumbered or otherwise affected.
Wife sought a continuance on June 25, 2012, which the court denied on July 25, 2012. On the eve of trial, on July 30, 2012, wife filed an emergency motion for a continuance. She alleged she had checked herself into the psychiatric unit of a hospital and that she was not presently mentally competent to participate in a judicial proceeding. The court continued the case, although it later learned that wife had checked herself out on July 31, the day after the continuance was granted. The court later granted wife another continuance due to the illness of her attorney. That same counsel withdrew on November 20, 2012 as a result of the illness. At that point, trial was scheduled to begin on February 1 and 4, 2013. On January 7, 2013, acting pro se, wife sought another continuance to find substitute counsel. After it was denied, she renewed it again at trial. In denying the motion, the court observed that
The subject proceeding had fully matured for adjudication by July of 2012. The nature of the second continuance Motion and the questionable credibility of the Plaintiff *474 through later disclosed facts gave this Court great cause for concern. It appeared at that time that the Wife was using any mechanism possible to stay the proceedings. The Husband claimed the Wife was motivated to delay trial adjudication due to the substantial pendente lite support she was receiving. Hence, when she made additional continuance motions thereafter, the Court considered delay to be an ulterior motive of the Wife.
Wife represented that “if given more time,” she would obtain counsel. “In light of her previous delays,” the court concluded, “her representations had doubtful credibility. After nearly two years, the Husband was entitled to have his case adjudicated.”
At the conclusion of wife’s evidence at trial, husband made a motion to strike wife’s complaint for divorce because she failed to corroborate her grounds for divorce. Husband further argued that, if the trial court were to grant his motion to strike wife’s complaint, then it should likewise strike wife’s request for spousal support. The trial court granted husband’s motion to strike wife’s bill of complaint but declined to strike wife’s request for spousal support, stating, “As to whether or not the claim for spousal support could remain alive after granting the motion to strike, I’m just going to take that portion of the case under advisement.”
On February 26, 2018, the trial court issued its letter opinion. Under the subsection titled “Divorce,” the trial court stated that wife failed to offer any evidence to support entry of a final decree of divorce in her favor and, “[a]s a result, her complaint was dismissed on a Motion to Strike the Evidence.” Instead, husband was granted a no-fault divorce based on his counterclaim. Under the letter’s subsection titled, “Support,” the trial court found, among other things, that wife had requested spousal support in her complaint, that she had been receiving pendente lite spousal support, and that it would consider wife’s request for spousal support because it had been raised as an issue. Referencing the legal reasoning underlying its decision to award wife spousal support, the trial *475 judge specifically noted that “[njeither case law nor the applicable statute requirefs] the prevailing party to raise the issue in its pleadings, only that at least one of the parties raise the support issue to allow the subject to be adjudicated.” (emphasis in original). After considering the factors in Code § 20-107.1(E), the trial court awarded spousal support to wife such that she received $5,000 per month for twelve months, $3,000 per month for the following twelve months, and $1,500 per month for twelve months thereafter. It further ordered husband to pay wife’s health insurance premiums for a period of eighteen months.
In addition, the trial court considered the factors in Code § 20-107.3, and determined that the former marital residence was in foreclosure, awarded wife the Florida condominium in which her mother had a life estate, awarded husband his Morgan Stanley Brokerage account and stock options, awarded wife her bank accounts, and divided the personal property and vehicles. The trial court also held that husband was responsible for his Morgan Stanley loans and ordered wife to reimburse husband $30,000 for the IRS tax debt he had incurred.
Wife filed objections to husband’s proposed final decree and filed an alternative final decree. On June 17, 2013, the trial court issued a letter opinion stating that it had considered her objections, but denied them. The trial court entered a final order of divorce on June 18, 2013. Wife filed a motion for reconsideration, which the trial court denied. Each party filed objections to the final order of divorce. These appeals followed.
ANALYSIS
I. Spousal support — Husband’s first assignment of error
Husband argues that a written demand for spousal support is a necessary precondition for the award of such support. Once the trial court struck the only pleading that contained wife’s demand for spousal support, he contends, the court could no longer proceed to award her any spousal support. *476 Consequently, it was error for the court to do so. Wife argues that the trial court, acting with the powers of a court of equity, could still award wife support notwithstanding the fact that the court struck the one pleading that contained her demand for spousal support. We agree with husband.
We review this question of law de novo on appeal. Harrell v. Harrell, 272 Va. 652, 656, 636 S.E.2d 391, 393 (2006).
“ ‘Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed.’ ” Fadness v. Fadness, 52 Va.App. 833, 843, 667 S.E.2d 857, 862 (2008) (quoting Boyd v. Boyd, 2 Va.App. 16, 18, 340 S.E.2d 578, 580 (1986)). “ ‘Pleadings are as essential as proof, the one being unavailing without the other. A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void.’ ” Id. (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)).[2]
Here, wife initially made a written demand for spousal support. The trial court, however, granted husband’s motion to strike that pleading. Striking a pleading has the effect of withdrawing any claims rooted in that pleading from consideration by the court — just as striking testimony removes that testimony from consideration by the factfinder, or striking a member of the venire removes that individual from the jury pool. Rule 1:11, which governs motions to strike the evidence in jury trials, is consistent with this understanding. It provides that once a trial court has granted a motion to strike the evidence, “then the court shall enter summary judgment or partial summary judgment in conformity with its ruling on the motion to strike.” See also Costner v. Lackey, *477 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982) (“A motion to strike is in effect a motion for summary judgment....”). A claim that is grounded upon a stricken pleading does not linger on in spectral form before the court — it is interred and removed from consideration.
Harrell is controlling. In that case, wife alleged as her ground of divorce the fact that she had lived separate and apart from her husband for more than one year. Her complaint included a request for spousal support. 272 Va. at 656, 636 S.E.2d at 394. In fact, she had not lived separate and apart from her husband for the required period, and the trial court dismissed her complaint accordingly. The Supreme Court held that, because separation for one year must be proved to have occurred before the suit was filed, wife failed to state a claim upon which relief could be granted. Id. The Supreme Court reasoned that “[t]he trial court had subject matter jurisdiction over the divorce; however, inadequate grounds were alleged in the bill.” Id. at 656-57, 636 S.E.2d at 394 (emphasis added). The Court concluded that “the request for spousal support contained in the bill of complaint abated with its dismissal.” Id. at 657, 636 S.E.2d at 394. Wife in Harrell also attempted to file an amended complaint, which included a request for spousal support, but she did not obtain leave of court. The trial court dismissed the amended complaint for that reason. Again, the Court held, “[h]er request for spousal support therein abated with the dismissal of the amended bill.” Id. Ultimately, there was no valid pleading before the court asking for spousal support. “Without such a pleading, it was error for the trial court to grant [wife] a reservation of spousal support.” Id. at 658, 636 S.E.2d at 395. Likewise here, wife’s request for spousal support abated with the dismissal of her complaint and it was error for the trial court to award spousal support without any pleading at all before the court making the request.[3]
*478 Although, by statute, upon decreeing a divorce “the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses,” Code § 20-107.1(A), we have long held that “the exercise of such power remains dependent upon the pleadings having raised the issue.” Boyd, 2 Va.App. at 19, 340 S.E.2d at 580.
Finally, precedent does not support the notion of an extra-statutory reservoir of authority for courts to draw from in divorce cases that would enable a court to grant relief based on a stricken pleading. As the Supreme Court noted in Reid v. Reid, 245 Va. 409, 413, 429 S.E.2d 208, 210 (1993) (citations and quotation marks omitted):
A suit for divorce ... does not involve an appeal to the general jurisdiction of the equity forum. The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case sui generis.
In Reid, the Court found that the trial court lacked the authority to order repayment — a power ordinarily available to a court in equity — because the jurisdiction of a court of equity is “ ‘entirely statutory and limited’ ” in divorce matters. Id. at 415, 429 S.E.2d at 211 (citation omitted); see also Sprouse v. Griffin, 250 Va. 46, 50, 458 S.E.2d 770, 772 (1995) (“[Jurisdiction in divorce suits is purely statutory.”). Even in a court of equity, “any relief granted must be supported by allegations of material facts in the pleadings that will sustain such relief.” Jenkins v. Bay House Assocs., 266 Va. 39, 45, 581 S.E.2d 510, 513 (2003) (citations omitted).[4]
*479 The principal case wife relies upon for her assertion of a broad, common law based equity power, Gloth v. Gloth, 154 Va. 511, 153 S.E. 879 (1930), does not support her position. In that case, the Supreme Court resolved the following question:
When alimony is awarded to a wife in a decree granting to her a divorce a mensa et thoro from her husband, may the amount thereof be thereafter changed or modified by the court to meet changed conditions of the parties subsequently arising, or the decree, in so far as it provides for future payments of alimony, be revoked because of the adultery or other misconduct of the wife committed after entry of the said decree?
Id. at 532, 153 S.E. at 885. The Court answered that question in the affirmative. The Court examined the history of the law of divorce in England and in Virginia, as well as the distinction that predated statutory enactments between the recognized common law power of a court to order changes to alimony in cases of divorce a mensa et thoro following entry of the decree, and the absence of a common law power to order changes to the decree with respect to alimony in cases of divorce a vinculo matrimonii. Gloth says nothing about the power of a court to award spousal support in the absence of a pleading requesting the same. To the extent Gloth is relevant at all, it undermines wife’s assertion of a vast common law power in cases of divorce a vinculo matrimonii by making clear that no such broad power existed. Id. at 533, 153 S.E. at 886. The other cases wife cites do not shed any light on the *480 issue before us. Neither Upchurch v. Upchurch, 194 Va. 990, 76 S.E.2d 170 (1953), nor Hughes v. Hughes, 173 Va. 293, 4 S.E.2d 402 (1939), address the question of whether a valid pleading is required as a prerequisite for the award of spousal support.
With no pleading requesting spousal support before the court at the time of the award, the trial court could not award such relief.[5] Accordingly, we reverse the judgment of the trial court awarding wife spousal support.
This holding renders moot wife’s first, second, fourth, and part of her sixth assignments of error, which turn on the court’s handling of the issue of spousal support.
II. Health insurance — Husband’s second assignment of error
Husband argues that the trial court erred by ordering him to pay wife’s health insurance premiums for eighteen months after the entry of the final decree of divorce, in the absence of statutory authority to do so. Our reading of the relevant statutes is to the contrary.[6]
This issue presents a question of statutory interpretation, a matter we review de novo. Anthony v. Skolnick-Lozano, 63 Va.App. 76, 83, 754 S.E.2d 549, 552 (2014).
Although no statutory provision expressly confers on trial courts the power to order a spouse to pay for the health insurance of the divorcing spouse, the Code evinces an unmis *481 takable legislative intent to permit trial courts to enter such an order. Code § 20-108.1(0) states that “In any proceeding under this title [i.e., Title 20] on the issue of determining child support, the court shall have the authority to order either party or both parties to provide ... health care coverage for a spouse or former spouse.”[7] Furthermore, and consistently with the language in Code § 20-108.1(C), Code § 20-60.3(8), which addresses orders “directing the payment of spousal support where there are minor children whom the parties have a mutual duty to support and all orders directing the payment of child support,” requires among other things “a statement as to whether there is an order for health care coverage for a spouse or former spouse.” This provision further signals the General Assembly’s intent to grant authority to the trial court to make such an award.[8] The General Assembly thus recognized the power of the trial court to enter such orders.
Husband relies on this Court’s decisions in Lassen v. Lassen, 8 Va.App. 502, 506, 383 S.E.2d 471, 473 (1989), and Day v. Day, 8 Va.App. 346, 348-49, 381 S.E.2d 364, 366 (1989) (citation omitted), to support his arguments. His reliance on these decisions is misplaced.
The issue wife raised in Lassen was whether the trial court was required to order husband to pay her insurance premiums. The trial court had declined to order husband to pay his prior wife’s health insurance coverage in addition to spousal support, and we affirmed, finding the statute did not require such an award. Lassen, 8 Va.App. at 506, 383 S.E.2d at 473 *482 (“There is no statutory mandate that health care coverage be provided____” (emphasis added)). Thus, the decision not to order a party to maintain health insurance coverage for a former spouse was within the discretionary power of the court, subject to an abuse of discretion standard of review.
In addition, the holding in Day is inapposite. In Day, the Court did not address whether health insurance coverage was properly made part of the court’s spousal support award. Instead, it reversed a trial court’s ruling that the husband should make payments on the marital debt directly to the creditors, finding the trial court lacked authority to order such payments. Day, 8 Va.App. at 349, 381 S.E.2d at 366. The facts in Day do not correlate with the facts in this case.
We find the trial court committed no error of law in ordering husband to pay the monthly premiums for wife’s health insurance.
III. Bankruptcy — Wife’s third and fourth assignments of error
Wife argues that the trial court violated the order of stay issued by the United States Bankruptcy Court when it entered the final decree of divorce. She contends the trial court erred in awarding husband his 401 (k) and unvested bonuses. She also asserts that, since the trial court erred by entering the equitable distribution award, it could not award spousal support because Code § 20-107.1(E)(8) requires courts determining such support to consider the equitable distribution award.
Wife filed for bankruptcy in January 2012. She subsequently requested the final hearing be continued pending the bankruptcy proceeding. The trial court granted the continuance and rescheduled the final hearing. Meanwhile, husband sought and received relief from the automatic stay, pursuant to his motion in the bankruptcy court. On May 17, 2012, the bankruptcy court entered an order lifting the automatic stay with the following conditions:
*483 The divorce proceeding is stayed to the extent that the divorce proceeding seeks to determine the division of property that is property of the bankruptcy estate. This does not prevent an equitable distribution hearing (including all state court matters leading up to such hearing) or order considering or taking into account property that is property of the estate in a monetary award. However, property of the bankruptcy estate may not be ordered to be transferred, conveyed, encumbered or otherwise affected. Property heretofore or hereafter abandoned by the Chapter 7 trustee is not property of the estate and is not subject to this provision.
On May 13, 2013, the bankruptcy trustee prepared a Notice of Intent to Abandon Property, which wife later filed with the trial court. The notice indicated that the trustee was abandoning its interest in “the real and personal property listed on [wife’s] schedules A and B, as amended,” except for the Florida condominium, her diamonds, the escrow held by her former divorce attorney, and her contingent claims for one-.half interest in husband’s 401 (k) and his unvested bonuses.
On June 17, 2013, following a hearing, the trial court issued a letter opinion after receiving wife’s objections to the entry of the final decree. The trial court held that it was free to distribute the property that was abandoned by the trustee. With respect to the property that was not abandoned, the trial court noted that the Florida condominium was subject to a life estate and that the bankruptcy trustee might make a “potential claim” against the property. Husband had agreed to transfer the property to wife, and the trial court directed husband to “refrain from conveying the real estate in Florida to the [w]ife until the Bankruptcy Court makes a determination as to this real property.” Therefore, the trial court’s equitable distribution award affected neither the Florida property nor wife’s bankruptcy. The trial court assigned no value to wife’s diamonds (which it had determined were her separate property) as it lacked evidence of their value. The trial court took “no position” on the escrow monies held by wife’s former divorce attorney. Lastly, the trial court stated that it did not *484 award wife any interest in husband’s 401(k) or bonuses because “the [w]ife had no interest in these accounts.”
Wife’s argument that the trial court exceeded its authority by issuing its ruling and entering the final decree on June 18, 2013, before the bankruptcy proceedings were completed, is thus without merit. The bankruptcy court has ruled previously that “[t]he state court may proceed with an equitable distribution hearing as long as it does not involve distribution of property of the [bankruptcy] estate.” Secrest v. Secrest (In re Secrest), 453 B.R. 623, 632 (Bankr.E.D.Va.2011). The trial court classified the 401 (k) and the bonuses as husband’s property. Wife does not challenge the trial court’s classification of these assets. The trial court’s equitable distribution ruling therefore did not distribute any property of wife’s bankruptcy estate, so it did not violate the stay.[9]
IV. Motion for continuance — Wife’s fifth assignment of error
Wife argues the trial court erred when it denied a continuance, to her prejudice, after her attorney withdrew from the case for medical reasons. Wife claims that, because she had to proceed without counsel as a result of the court’s ruling, her spousal support and equitable distribution awards were adversely affected, as was her ability to present the proof required to establish her fault grounds for divorce.
Originally, the final hearing was scheduled for April 18 and 19, 2012. On March 12, 2012, wife filed a “Motion to Stay the April Proceedings” because she had voluntarily filed for bankruptcy in January 2012. The trial court rescheduled the final hearing for July 31 and August 1, 2012. On June 25, 2012, wife requested another continuance because the bankruptcy matter was not yet resolved. The trial court denied the *485 continuance because, as noted above, husband had obtained an order from the bankruptcy court allowing the divorce proceeding to continue. On July 30, 2012, wife requested another continuance because she had checked herself in to a psychiatric hospital. The trial court granted the continuance and rescheduled the final hearing for December 5, 2012. On October 26, 2012, wife sought another continuance, this one due to medical problems her counsel was experiencing. The trial court granted the continuance and rescheduled the matter for February 1 and 4, 2013. Subsequently, wife’s attorney asked to withdraw as counsel due to the ongoing medical issues. On November 20, 2012, the trial court entered an order allowing wife’s counsel to withdraw. New counsel was not substituted. On January 7, 2013, wife filed another motion for a continuance in order to retain counsel. The trial court denied the motion, and the final hearing was conducted on February 1 and 4, 2013. Wife again asked for a continuance at the outset of trial, and when the trial court denied her request, she proceeded pro se.
“The circuit court’s ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.” Haugen v. Shenandoah Valley Dep’t of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007) (emphasis in original). We review the decision “in view of the circumstances unique to each case.” Id.
The trial court explained in its letter opinion that the matter had been continued on wife’s motions three previous times. The trial court observed that wife’s counsel withdrew over two months prior to the final hearing, but that wife did not retain new counsel during that time period. Wife claimed that she needed more time to obtain counsel, but also stated that she did not have sufficient funds to retain counsel — despite receiving $10,000 per month in pendente lite support at that point. The trial court denied the request because “her representations had doubtful credibility” and “[ajfter nearly two years, the [hjusband was entitled to have his case adjudicated.”
*486 Based on the numerous continuances already granted and husband’s right to have the matter heard, the trial court did not abuse its discretion in denying wife’s request for yet another continuance. She had adequate time to retain counsel prior to the February hearing, but did not do so.
Since we find the trial court did not abuse its discretion in denying wife’s request for a continuance, we need not address whether wife was prejudiced by the denial of her motion. See Bolden v. Commonwealth, 49 Va.App. 285, 290, 640 S.E.2d 526, 529 (2007) (explaining that a party needs to show abuse of discretion and resulting prejudice because “[t]he absence of one renders inconsequential the presence of the other” (citing Lowery v. Commonwealth, 9 Va.App. 304, 307, 387 S.E.2d 508, 509-10 (1990))); see also Cooper v. Commonwealth, 54 Va.App. 558, 565, 680 S.E.2d 361, 365 (2009). Accordingly, the trial court did not err in denying wife’s continuance request.
V. Mention of Wife’s prior marriages— Wife’s sixth assignment of error
Wife argues that the trial court improperly considered her prior marriages, both in awarding spousal support and in fashioning the equitable distribution award. Our holding with respect to the court’s award of spousal support makes this assignment of error partially moot. Under the “support” heading of its letter opinion, the trial court wrote that
Mrs. Russell is nearly 60 years old and has not earned any significant income in many years. Thus she has a great need for support. However, this is her fifth marriage and she has been in situations before where she needed to support herself without a husband’s financial assistance.
Code § 20-107.1(E)(9) requires the court to consider each spouse’s “earning capacity.” In context, it is clear the trial court wrote this portion of its letter opinion as part of its assessment of wife’s ability to support herself. Wife stated at trial that “I’ve been married five times. I’ve been self-employed since high school. Along the way, I’ve held real jobs.... Despite my four previous marriages, I have spent most of my productive life as a single woman and mother.” *487 There is no evidence, however, that wife’s prior marriages entered into the court’s equitable distribution calculus. We conclude that wife’s argument of an improper consideration by the court of her prior marriages is without foundation.
VI. Debt — Wife’s seventh assignment of error
Wife argues that the trial court erred in ordering her to reimburse husband $30,000 for his payment of the joint tax liability. She contends that the debt was the result of husband’s failure to timely file his tax returns and that she had the right to file “married filing separately.” We find no error.
The parties did not file income tax returns for 2005 through 2008. Wife refused to file the tax returns jointly, and instead she filed the returns for those years separately in May 2009. The deadline for filing the 2009 taxes occurred after the parties separated on January 2, 2010, so wife would not agree to file jointly for 2009. She also refused to file jointly for 2010.
On appeal, “decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.” McDavid v. McDavid, 19 Va.App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va.App. 728, 732, 396 S.E.2d 675, 678 (1990)).
Pursuant to Code § 20-107.3(A), the trial court “shall determine the nature of all debts of the parties, or either of them, and shall consider which of such debts is separate debt and which is marital debt.” The trial court found that there was a tax liability of approximately $300,000 for the time period of 2006 through 2010. The tax liability was found to be a marital debt, which has been defined as follows:
Marital debt is (i) all debt incurred in the joint names of the parties before the date of the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, whether incurred before or after the date of the marriage, and (ii) all debt incurred in either party’s name after the date of the mar *488 riage and before the date of the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent. However, to the extent that a party can show by a preponderance of the evidence that the debt, or a portion thereof, was incurred, or the proceeds secured by incurring the debt were used, in whole or in part, for a nonmarital purpose, the court may designate the entire debt as separate or a portion of the debt as marital and a portion of the debt as separate.
Code § 20-107.3(A)(5).
Contrary to wife’s argument, the tax debt was incurred during the marriage for a marital purpose. Wife benefitted from husband’s income and assets during the marriage. She also presented no evidence that the tax debt was incurred, or that the proceeds secured by incurring it were used, for a non-marital purpose. Therefore, the trial court did not err in finding the tax liability was a marital debt.
When wife chose to file her tax return separately, it resulted in an increase in the joint tax liability. Husband presented evidence from a certified public accountant (CPA) who analyzed husband’s tax returns from 2006 through 2009. She calculated the difference in husband’s tax liability that resulted from filing the return separately rather than jointly. She testified that, overall, the parties would have saved approximately $92,400 had they filed jointly.[10]
In deciding equitable distribution, the trial court must consider the factors in Code § 20-107.3(E), including factor 7— “The debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities.” Here, the trial court considered the debt and the basis for the debt. It also considered wife’s ability to pay.
The fact that a spouse has the right under federal law to file separately does not in any way foreclose a state court, *489 in the context of adjudicating a divorce, from considering the deleterious effect of this decision on the marriage. Wife has cited no authority to this effect, and we are aware of none.
Based on the record, we conclude the trial court did not err in holding that wife is responsible for $30,000 of the tax liability.[11]
VII. Retirement funds — Wife’s eighth assignment of error
Wife listed as her eighth assignment of error that the trial court erred in awarding husband “all of the retirement funds earned during the course of the marriage between the parties.” Wife did not present any argument on this issue; therefore, it is waived and will not be considered on appeal. See Rule 5A:20(e). “[W]hen a party’s ‘failure to strictly adhere to the requirements of Rule 5A:20(e) is significant’, ‘the Court of Appeals may ... treat a question presented as waived.’ ” Parks v. Parks, 52 Va.App. 663, 664, 666 S.E.2d 547, 548 (2008) (citation omitted). See also Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (“Failure to adequately brief an assignment of error is considered a waiver.” (citation omitted)).

VIII. Attorney’s fees and costs

Both parties have requested an award of attorney’s fees and costs incurred on appeal. See O’Loughlin v. O’Loughlin, 23 Va.App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney’s fees or costs on appeal.[12]
*490 CONCLUSION
For the foregoing reasons, the trial court’s rulings are affirmed in part and reversed in part.

Affirmed in part, reversed in part, and final judgment.

. About one year later, this amount was reduced to $10,000 per month.

. Under our modern jurisprudence, it would be more accurate to state that such a judgment would be "voidable” rather than "void ab initio.” See, e.g., Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001); see also Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990). The court here had subject matter jurisdiction as well as jurisdiction over the parties. Therefore, the court's award of spousal support may be voidable, but it was not void ab initio.

. From the standpoint of the court’s "active” (as opposed to subject matter) jurisdiction, see Whitt v. Commonwealth, 61 Va.App. 637, 649-53, 739 S.E.2d 254, 260-62 (2013) (discussing the concept of active *478 jurisdiction), there is no difference in the posture of this case and the posture of the case in Hairell. The Court in Harrell did not claim a lack of active jurisdiction or even mention the concept. Both the trial court and the Supreme Court accepted the trial court’s authority to adjudicate the parties’ divorce. Instead, as in this case, the outcome in Harrell was driven by the absence of a valid request for spousal support in the pleadings.

. Nothing in White v. White, 181 Va. 162, 169, 24 S.E.2d 448, 451 (1943), or Erickson-Dickson v. Erickson-Dickson, 12 Va.App. 381, 388, *479 404 S.E.2d 388, 392 (1991), allows a trial court to suspend the basic requirement that a litigant have a valid pleading before the court in order to obtain relief. " '[W]hen a court of equity acquires jurisdiction of a cause, for any purpose, it will retain it, and do complete justice between the parties, enforcing, if necessary, legal rights, and applying legal remedies to accomplish that end.’ ” White, 181 Va. at 169, 24 S.E.2d at 451 (quoting Buchanan v. Buchanan, 174 Va. 255, 279, 6 S.E.2d 612, 622 (1940)). It is also true that "[gjenerally, when a court acquires jurisdiction over the subject matter and over the person, the court retains jurisdiction until the matter before it has been fully adjudicated.” Erickson-Dickson, 12 Va.App. at 388, 404 S.E.2d at 392. Neither proposition obviates the need for the litigant in an equity court to state his grounds for relief in a pleading.

. Wife could have moved to amend her answer to husband’s cross-bill to include a demand for spousal support. We note that, ordinarily, leave to amend should be "liberally granted.” Rule 1:8. Here, wife did not move to amend.

. An order directing one spouse in a divorce to pay the health insurance premiums of the other spouse is best conceptualized as a component part of the maintenance and support of the spouse receiving the premiums. See Code § 20-107.1. Husband does not anywhere contend that the voiding of the spousal support award necessarily drags down with it the health insurance premiums. Instead, he argues that there is no statutory or jurisdictional basis for the award. Accordingly, we treat these two issues as analytically distinct for purposes of this opinion.

. Code § 20-108.1(C) provides:
In any proceeding under this title, Title 16.1, or Title 63.2 on the issue of determining child support, the court shall have the authority to order either party or both parties to provide health care coverage or cash medical support, as defined in § 63.2-1900, or both, for dependent children if reasonable under all the circumstances and health care coverage for a spouse or former spouse.

. Code § 20-107.1(H)(3) includes a similar requirement for spousal support orders where there are no minor children whom the parties have a mutual duty to support.

. In addition, the record reflects that wife received a discharge of her debts. The bankruptcy code provides that a stay of any act against a Chapter 7 debtor continues until the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(C). Once her discharge was granted on July 19, 2012, the stay was terminated, thus mooting any appeal of that issue.

. This amount did not include any penalties or interest incurred.

. Wife also argues on brief that the trial court erred by allowing an offset against her spousal support award to account for the $30,000 debt she will incur as a result of the court's decree. Our resolution of the spousal support question renders this issue moot.

. Husband raises numerous default arguments in his brief. Unless specifically addressed in this opinion, we find these arguments to be without merit.