COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia

STUART CHUNG

v.      Record No. 0325-18-4

STEPHANIE CHUNG, N/K/A
 STEPHANIE FITZGERALD

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 2, 2018

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Thomas B. Dance (Dance & Waldman, PLLC, on briefs), for
appellant.

Elizabeth Carpenter-Hughes (Anthony C. Williams; Williams
Stone Carpenter Buczek, PC, on brief), for appellee.

Appellant Stuart Chung ("husband"[1]) appeals the Circuit Court of Stafford County's

decision to award Stephanie Fitzgerald ("wife") spousal support as there was no valid pleading

before the circuit court requesting it. We agree that the circuit court erred and reverse.

I. BACKGROUND

Wife filed for divorce from husband alleging the sole ground of constructive desertion.

In her complaint, she also requested that the circuit court award her spousal support. This was

the only pleading filed in the circuit court that requested spousal support. Husband subsequently

filed an answer and cross-complaint requesting a divorce on the grounds of constructive

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We use the designations "husband" and "wife" for clarity, recognizing that such terms
actually describe the parties' former, rather than current, legal relationship.

desertion or, in the alternative, a divorce on the grounds of living separate and apart for one year.[2] In that pleading, he also requested that the circuit court deny wife's request for spousal support.

Husband moved for the circuit court to strike wife's complaint. Finding that the evidence did not support a finding of constructive desertion, the circuit court granted husband's motion to strike and, thus, dismissed wife's complaint. The circuit court, pursuant to husband's cross-complaint, entered a final order of divorce on the grounds of the parties having lived separate and apart for one year. It also awarded wife spousal support of $1,200 a month for five years. Husband objected to the award of spousal support as there was no valid pleading before the circuit court requesting said support, given that the circuit court struck wife's complaint. Husband timely noted his appeal.

II. ANALYSIS

We review this question of law *de novo* on appeal. Wroblewski v. Russell, 63 Va. App. 468, 476, 759 S.E.2d 1, 4 (2014). "Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Cirrito v. Cirrito, 44 Va. App. 287, 314-15, 605 S.E.2d 268, 281 (2004) (quoting Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986)). Before a circuit court can award permanent spousal support, there must be a valid pleading before the court requesting it. See Wroblewski, 63 Va. App. at 480, 759 S.E.2d at 6 (reversing circuit court's award of spousal support when it struck wife's pleading requesting it); Harrell v. Harrell, 272 Va. 652, 657-58, 636 S.E.2d 391, 394-95 (2006) (reversing circuit court granting spousal support as there was "no valid pleading before the trial court requesting permanent spousal support" after wife's pleadings requesting it were dismissed). A

---

[2] Wife's counsel drafted an answer to husband's cross-complaint and provided a copy to counsel, but failed to file it with the circuit court; however, even if counsel had properly filed that pleading, it failed to request an award of spousal support.

stricken pleading is no longer a valid pleading as striking it "has the effect of withdrawing any claims rooted in that pleading from consideration by the court . . . ." Wroblewski, 63 Va. App. at 476, 759 S.E.2d at 5. "A claim that is grounded upon a stricken pleading does not linger on in spectral form before the court — it is interred and removed from consideration." Id. at 477, 759 S.E.2d at 5.

As in Wroblewski, the circuit court here granted a motion to strike wife's pleading demanding spousal support before subsequently making such an award. Accordingly, as in that case, that pleading became a nullity. Thus, the circuit court had no valid pleading before it requesting spousal support, and it similarly lacked the authority to make such an award. In so doing, the circuit court erred.

Wife counters that we should find both Wroblewski and Harrell are superseded by statute because the General Assembly amended Code § 20-107.1(A) in 2016[3] to include the following emphasized language: when entering a divorce decree, "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses, *notwithstanding a party's failure to prove his grounds for divorce, provided that a claim for support has been properly pled by the party seeking support*." Code § 20-107.1(A). A panel of

---

[3] Wife states that this language was added in 2018 and, based upon that misconception, asserts that "the version of [Code] § 20-107.1.A [sic] in effect at all times between the filing of the original Complaint and the entry of the Amended Final Decree did not contain the emphasized language." This is partially incorrect, as this amendment took effect in 2016, see 2016 Va. Acts ch. 477; thus, it would have been in effect at the time of the entry of the amended final decree of divorce on January 25, 2018. Regardless, because it was not in effect at the time of the initiation of these proceedings, it is not applicable here, and the amended language does not apply retroactively. See Bailey v. Spangler, 289 Va. 353, 358-59, 771 S.E.2d 684, 686 (2015) ("Virginia law does not favor retroactive application of statutes. For this reason, we interpret statutes to apply prospectively 'unless a contrary legislative intent is manifest.'" (quoting Bd. of Supervisors of James Cty. v. Windmill Meadows, LLC, 287 Va. 170, 180, 752 S.E.2d 837, 843 (2014))).

this Court addressed this very amendment in <u>Ozfidan v. Ozfidan</u>, No. 0806-16-2, 2017 Va. App. LEXIS 5 (Va. Ct. App. Jan. 10, 2017).[4]  We explained:

> "As a general rule, laws existing at the time a suit is filed govern the case."  <u>Marion v. Marion</u>, 11 Va. App. 659, 669, 401 S.E.2d 432, 438 (1991).  "[W]hen a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights."  <u>Price v. Price</u>, 4 Va. App. 224, 230, 355 S.E.2d 905, 908 (1987) (quoting <u>Washington v. Commonwealth</u>, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975)).  Because nothing in the 2016 amendment suggests the General Assembly intended the amendment to apply retroactively to actions filed before July 1, 2016, this Court reviews this case under the prior version of Code § 20-107.1.

<u>Id.</u> at *11 n.3.  The amendment to Code § 20-107.1 took effect on July 1, 2016, and therefore was not in effect at the time wife filed her complaint on August 3, 2015, or when husband filed his cross-complaint on September 8, 2015.  As such, this amended language does not apply in this case.[5]

### III. CONCLUSION

The circuit court erred in awarding wife spousal support, as it was without authority to do so with no valid pleading requesting it upon striking wife's complaint.  We deny both parties' requests for an award of fees and costs.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  We reverse and remand this matter for proceedings consistent with this opinion.

<u>Reversed.</u>

---

[4] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value."  <u>Otey v. Commonwealth</u>, 61 Va. App. 346, 350 n.3, 735 S.E.2d 255, 257 n.3 (2012) (citing Rule 5A:1(f)).

[5] Moreover, even if we were to find it applied retroactively, it nonetheless fails to support wife's argument, as in striking the entirety of her complaint, the circuit court effectively ruled that her claim was not "properly pled" as required by the amendment's language.