UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Huff, Judges Russell and AtLee
Argued at Richmond, Virginia

OSCAR O. OZFIDAN

MEMORANDUM OPINION[*] BY
v.        Record No. 0806-16-2          CHIEF JUDGE GLEN A. HUFF
JANUARY 10, 2017

PAMELA L. OZFIDAN

FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge[1]

A. Russell Watson (Hairfield Morton, PLC, on briefs), for
appellant.

Misty D. Whitehead (MD Whitehead Law, PLLC, on brief), for
appellee.

Oscar O. Ozfidan ("husband") appeals a ruling of the Circuit Court of Henrico County

("trial court") ordering him to pay $1200 per month in spousal support to Pamela L. Ozfidan

("wife") indefinitely.  For the following reasons, this Court affirms the trial court's rulings.

I.  BACKGROUND

Following established principles of appellate review, this Court views the evidence in the

light most favorable to wife, the party prevailing below, granting wife the benefit of all

reasonable inferences that can be fairly drawn.  Chretien v. Chretien, 53 Va. App. 200, 202, 670

S.E.2d 45, 46 (2008) (citing Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835

(2003)).  So viewed, the evidence established that the parties were married in Lubbock, Texas in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Marshall presided over the hearings on remand from the initial appeal; Judge
Catherine C. Hammond presided over the original divorce proceedings.

1998 where husband was earning his Ph.D. in economics. Wife, who has a high school diploma, primarily supported the family by working at a local newspaper; husband contributed additional income he earned as a teaching assistant. Once husband obtained his degree, the parties moved to Richmond after husband accepted a position as an economist for the Commonwealth of Virginia. Wife worked as a flight attendant until she became pregnant with the parties' twin children, born in 2005. The parties agreed that wife would be a stay-at-home mother until the children began attending kindergarten.

According to wife's testimony, the transition to her remaining at home after years of frequently being away as a flight attendant created strain in the marriage, culminating in an incident the night of March 3-4, 2012. On that night, according to wife, husband knocked her out of bed and began attacking her, striking her with enough force to break her arm. A friend transported wife to the hospital where she was diagnosed with an ulnar fracture. After the attack, wife obtained a two-year protective order against husband and received temporary exclusive possession of the marital home.

On April 13, 2012, wife filed a divorce complaint in the trial court, alleging that husband committed the fault ground of cruelty. Throughout the pendency of the divorce proceedings, the parties also conducted parallel proceedings in the Henrico County Juvenile and Domestic Relations District Court ("JDR court") regarding, among other issues, spousal support. The JDR court entered a final order regarding child and spousal support on October 12, 2012. Wife did not request an award of spousal support in her divorce complaint because "she was satisfied with the [JDR court] retaining jurisdiction over same and did not wish to incur unnecessary expenses re-litigating the issues."

The trial court conducted an evidentiary hearing on November 25, 2013 addressing the grounds for divorce, equitable distribution, fees, and costs. The trial court *sua sponte* raised the

- 2 -

issue of spousal support during the hearing, asking whether wife was seeking spousal support as part of the divorce proceedings. Wife indicated that spousal support was currently before the JDR court in an independent action, and the trial court ultimately declined to hear the spousal support issue because the divorce complaint did not request spousal support and a hearing on spousal support was pending before the JDR court. On December 11, 2013, the trial court issued a letter opinion concluding that "[t]he divorce will be entered on the grounds of cruelty." The letter opinion's sole treatment of the spousal support issue was a note that "[m]atters of spousal support . . . will be transferred to the [JDR court]."

On February 18, 2014, the trial court held a hearing on husband's motion to reconsider the December 11, 2013 ruling. During that hearing, husband asked the trial court to reopen the issue of spousal support. The trial court declined to do so after the parties informed it that husband's *de novo* appeal of the JDR court's spousal support award had been docketed in the trial court for hearing on March 10, 2014. The trial court then continued the matter to the March 10 hearing in order to "hear the appeal and then . . . hear the oral motion that we got today to have this Court determine a permanent award of spousal support as part of the final decree" on that date. Despite being referenced throughout the briefs, the record does not include any transcript of the March 10, 2014 proceeding or any written orders from the trial court arising from that hearing.[2]

---

[2] Husband's opening brief states: "On March 10, 2014, the trial court declined to hear the issue of permanent spousal support on the grounds that neither party had filed a pleading in the divorce action requesting a determination of spousal support." Wife's brief states:

> At the March 10, 2014 hearing, the Court heard granted [sic] [husband's] Motion to Reduce Support and set new amounts for child support and spousal support. The Court denied [husband's] motion to address permanent spousal support as part of the divorce. The Court directed counsel to draft the Orders. This

On March 18, 2014, husband filed a "Motion to Decree Spousal Support" in the trial court, which stated in its entirety:

> Comes now the defendant . . . by counsel, pursuant to Section 20-107.1 of the Code of Virginia (1950), as amended, and moves this Court to decree the maintenance and support of the spouses and, if any such decree be made, order that said support and maintenance be made in periodic payments for a defined duration.

Wife filed a response to this motion as well as a motion to enter a final decree on March 20, 2014. The trial court entered its final divorce decree on June 9, 2014, ruling, *inter alia*, "[Husband] moved for an award of spousal support which motion was overruled as plaintiff's pleadings never requested spousal support. [Husband] objects."

Husband filed a notice of appeal to this Court on July 9, 2014. On May 5, 2015, this Court issued its opinion holding with respect to the spousal support issue that "it was error for the circuit court to base its decision on spousal support solely on the fact that wife did not request spousal support in her circuit court divorce pleadings" and remanding the spousal support issue to the trial court for reconsideration.

The trial court held a hearing on the remanded issues on November 16, 2015. At the beginning of the hearing, counsel for husband stated:

> What I want to make clear to the Court going forward is with regards to [husband's] motion to decrease spousal support, we are specifically limiting the request for relief to a denial of spousal

---

> Order, entered by the Court pursuant to its jurisdiction subject to [husband's] appeal, has never been vacated.

Further, wife repeatedly asserts in various ways on brief that "even if this [C]ourt were to reverse the final order entered by the Circuit Court on April 25, 2016, arguably [wife] would still be entitled to support pursuant to the March 10, 2014 Circuit Court Order." At no point, however, does either husband or wife cite to any March 10, 2014 trial court order in the record. Because any orders arising from the March 10, 2014 hearing are not included in the record, their effect, if any, is beyond this Court's review. Cf. Campbell v. Campbell, No. 1629-10-2, 2011 Va. App. LEXIS 264, at *27 n.3 (Va. Ct. App. Aug. 9, 2011).

- 4 -

support for wife. [Husband] is not seeking spousal support for himself, nor is he seeking a reservation.

After presenting evidence of husband's inability to pay spousal support, husband argued that his motion to decree spousal support only permitted the court to deny spousal support to wife and presented a memorandum in support of that motion. Counsel for wife argued that because the relief husband requested at the hearing was new and not contemplated by his motion to decree spousal support, she should be entitled to make an oral motion to award spousal support to wife if the trial court accepted husband's argument. The trial court ultimately took husband's motion under advisement, suspended the hearing, and directed wife to prepare a written response to husband's memorandum.

The trial court resumed the hearing on February 8, 2016, ruling that the issue of spousal support was properly before the trial court—thereby rejecting husband's contention that his motion to decree spousal support limited the trial court to a denial of spousal support to wife. The trial court also noted its belief that any award of spousal support it issued must be of limited duration as pled in the motion to decree spousal support. Wife then presented evidence in favor of an award of spousal support to wife. The trial court issued a letter opinion on February 11, 2016 in which it first concluded that it was not, in fact, limited to a specific duration in making an award of spousal support, then ordered husband pay wife spousal support of $1200 per month for an indefinite duration. The trial court entered a final order pursuant to the letter opinion on April 25, 2016 to which husband noted his objections.

This appeal followed.

## II. STANDARD OF REVIEW

"In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support." Brooks v. Brooks, 27

Va. App. 314, 317, 498 S.E.2d 461, 463 (1998). As such, the trial court's decision regarding spousal support "will not be disturbed on appeal unless there has been a clear abuse of discretion." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). A court "by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Giraldi v. Giraldi, 64 Va. App. 676, 682, 771 S.E.2d 687, 690 (2015) (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)).

This Court reviews questions of law, including matters of statutory interpretation, *de novo*. See Harrell v. Harrell, 272 Va. 652, 656, 636 S.E.2d 391, 393 (2006); see also Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83, 754 S.E.2d 549, 552 (2014). Further, the party challenging the trial court's decision on appeal "bears the burden to demonstrate error on the part of the trial court." Barker v. Barker, 27 Va. App. 519, 535, 500 S.E.2d 240, 248 (1998).

## III. ANALYSIS

Husband's appeal challenges the trial court's spousal support rulings in ten assignments of error:

1. The Court erred in making a spousal support award to [wife] when she did not have a valid pleading before the Court requesting support for herself.

2. The Court erred in denying [husband's] motion for summary judgment and motion to strike [wife's] case based on her failure to request spousal support in this proceeding.

3. The Court erred in improperly construing [husband's] motion to decree spousal support as a request for an award of spousal support to [wife].

4. The Court erred in holding that [husband's] motion to decree spousal support is a basis for awarding spousal support to [wife].

- 6 -

5. The Court erred when it denied and disregarded [husband's] request to limit the relief he requested in his motion to decree spousal support to a denial of support to [wife].

6. The Court erred in making a spousal support award to [wife] based on [husband's] motion to decree spousal support.

7. The Court erred in making an indefinite award of spousal support to [wife] when [husband's] motion to decree spousal support requested that any award of spousal support be for a defined duration.

8. The Court erred in awarding [wife] spousal support after entry of the parties' final decree of divorce dissolving the marriage where [wife] had not requested spousal support or a reservation of her right to spousal support.

9. The Court erred in awarding [wife] spousal support after she had waived any right to spousal support by asking the Court to deny [husband's] motion to decree spousal support (in her Memorandum in Response to Motion to Decree Spousal Support and Motion to Enter Final Decree dated March 20, 2014).

10. The evidence presented did not support an indefinite spousal support award of $1,200.00 per month to [wife] and the court erred in ordering that amount, including, but not limited to, that the effect of the equitable distribution on [husband's] ability to meet his support obligation, in finding that [husband's] compliance with the existing support order proved he was able to pay that amount, and in finding that [wife] was limited in her job prospects.

A. Husband's motion to decree spousal support as a basis for awarding spousal support to wife

Husband's assignments of error 1, 2, 3, 4, and 6 challenge the trial court's decision to award wife spousal support based on husband's pleading entitled "Motion to Decree Spousal Support." Specifically, husband argues that any claim to spousal support is personal to wife and must be sought by her in a separate pleading because no statutory authority exists for the trial court to award her spousal support based on husband's pleading. For the reasons that follow, this Court disagrees.

- 7 -

Code §§ 20-79(b) and 20-107.1 govern issues of spousal support. The relevant portion of

Code § 20-79(b) provides:

> In any suit for divorce, the court in which the suit is instituted or
> pending, when *either party to the proceedings so requests*, shall
> provide in its decree for the . . . support and maintenance for the
> spouse . . . if in the judgment of the court any or all of the
> foregoing should be so decreed.

(Emphasis added). The version of Code § 20-107.1 applicable to this case provides, in pertinent

part:

> A. Pursuant to any proceeding arising under subsection L of
> § 16.1-241 or upon the entry of a decree providing (i) for the
> dissolution of a marriage, (ii) for a divorce, whether from the bond
> of matrimony or from bed and board, (iii) that neither party is
> entitled to a divorce, or (iv) for separate maintenance, the court
> may make such further decree as it shall deem expedient
> concerning the maintenance and support of the spouses.[3]

The issue raised by these assignments of error turns on longstanding principles of

pleading. "All motions in writing . . . are pleadings." Rule 3:18(a). In Potts v. Mathieson Alkali

Works, 165 Va. 196, 181 S.E. 521 (1935), the Supreme Court observed: "The issues in a case

are made by the pleadings, and the judicial tribunals, in determining the respective rights of

litigants, cannot go beyond the issues thus made." 165 Va. at 223, 181 S.E. at 532. Pleadings

---

[3] Effective July 1, 2016, the General Assembly amended Code § 20-107.1(A) to include
the language, "notwithstanding a party's failure to prove his grounds for divorce, *provided that a
claim for support has been properly pled by the party seeking support*," immediately following
the section quoted above. (Emphasis added). The 2016 amendment is not applicable to this suit.
"As a general rule, laws existing at the time a suit is filed govern the case." Marion v. Marion,
11 Va. App. 659, 669, 401 S.E.2d 432, 438 (1991). "[W]hen a statute is amended while an
action is pending, the rights of the parties are to be decided in accordance with the law in effect
when the action was begun, unless the amended statute shows a clear intention to vary such
rights." Price v. Price, 4 Va. App. 224, 230, 335 S.E.2d 905, 908 (1987) (quoting Washington v.
Commonwealth, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975)). Because nothing in the 2016
amendment suggests the General Assembly intended the amendment to apply retroactively to
actions filed before July 1, 2016, this Court reviews this case under the prior version of Code
§ 20-107.1.

thus serve as formal allegations by the parties of claims and defenses, setting forth the issues to be tried and determined among them. See, e.g., Baylor v. Commonwealth, 190 Va. 116, 121, 56 S.E.2d 77, 79 (1949).

In the spousal support context, either party may ask the circuit court for a provision in the final divorce decree awarding or denying spousal support. See Reid v. Reid, 24 Va. App. 146, 151, 480 S.E.2d 771, 773 (1997) ("[E]ither party, by proper pleading, 'could have asked the Circuit Court to make specific provision in the final divorce decree for allowance or denial of [spousal support]. If such a provision had been included in the decree, the jurisdiction of the [district court] would have ceased under § 20-79(a).'" (alteration in original) (quoting Werner v. Commonwealth, 212 Va. 623, 625, 186 S.E.2d 76, 78 (1972))). In the first appeal of the case at bar, this Court interpreted Code § 20-79(b), Werner, and Reid, to conclude that the trial court could reach the issue of spousal support even though wife did not file a pleading requesting it. Ozfidan v. Ozfidan, No. 1265-14-2, 2015 Va. App. LEXIS 148, at *28 (Va. Ct. App. May 5, 2015). Specifically, this Court ruled:

> [E]ither party can request the circuit court for a provision in a final divorce decree *awarding* or *denying* spousal support. A party seeking spousal support, of course, would not seek an order denying spousal support. Thus, Werner permits one party to request a provision in the final decree denying an award of spousal support to the other party (as in Werner) or limiting the other party's spousal support award to a defined duration (as here).
> Consequently, we agree with husband that it was error for the circuit court to base its decision on spousal support solely on the fact that wife did not request spousal support in her circuit court divorce pleadings.

Id.

Having thus previously determined that the trial court could not decline to reach spousal support solely because wife did not file a pleading requesting an award, this Court now must determine the effect of husband's motion to decree spousal support. Husband filed the motion in

- 9 -

order to bring the issue of spousal support before the trial court; wife had received an award of spousal support in the JDR court, that award had survived a subsequent motion to reduce in the JDR court and appeal to the trial court. Husband therefore sought to have the trial court determine spousal support in order to extinguish wife's favorable JDR court award, while wife sought a divorce decree silent on the issue of spousal support in order to preserve her existing award. See Reid, 24 Va. App. at 151, 480 S.E.2d at 773 ("An existing order of spousal support survives a subsequent decree of divorce which is silent on the issue."); see also Werner, 212 Va. at 625, 186 S.E.2d at 78 ("[A] support order of a juvenile and domestic relations court continues in full force and effect notwithstanding the entry by a court of record of a divorce decree that is silent as to support.").

After this Court agreed with husband in his initial appeal that the trial court could decree spousal support despite wife's failure to request it in her pleadings, husband on remand argued that his motion to decree spousal support did not provide the trial court sufficient basis to award wife spousal support. In light of the plain language of husband's motion and the order of this Court's remand, however, the trial court properly found that husband's motion placed before it the issue of spousal support such that it could appropriately make an award to wife. The trial court reasoned:

> The Court takes the position that [husband's] pleading on its face put the issue before the Court between the spouses, not solely for [husband], and one could also logically argue by his statement that a contemplation was made in the pleading that he would be, in fact, ordered to pay support based on the requests that it be for a defined duration. It would not make total sense for [husband] to want spousal support and then say, oh, by the way, just limit me to how long I can get it. I don't view this in a vacuum . . . . I think this Court, as per the edict of the Court of Appeals, has to now address the spousal support issue, and my ruling is that that is between the spouses as pled by [husband]. So it is an open question now as to who is going to get spousal support . . . .

- 10 -

Husband's motion asks the trial court "to decree the maintenance and support of the *spouses*." (Emphasis added). The motion's language tracks that of Code § 20-107.1(A), which provides that, under circumstances including those present here, "the court may make such further decree *as it shall deem expedient* concerning the maintenance and support of the spouses." (Emphasis added). Husband requested that the trial court decree support of the "spouses"—not support for husband only, and not a denial of support for the wife. Accordingly, as worded, husband's motion to decree spousal support served as a request that the trial court award spousal support among the "spouses," not "for the spouse," and the trial court therefore was entitled to award support "as it . . . deem[ed] expedient."[4]

---

[4] As noted above, this Court finds no ambiguity in husband's motion. As written, it placed the issue of support between the spouses, which includes support from husband to wife, squarely before the circuit court. Moreover, even if this Court were to find the language of the motion ambiguous, any such ambiguity would have to be construed against husband: it has long been the rule that, particularly where a pleading is unclear or subject to multiple interpretations, pleadings are construed against their proponent. See Frigorifico Wilson De La Argentina v. Weirton Steel Co., 62 F.2d 677, 679 (4th Cir. 1933) ("[T]he rule ordinarily is that a pleading must be taken in the sense most unfavorable to the pleader . . . ."); see also 14B Michie's Jurisprudence, Pleading § 2 (2016) ("Another familiar rule of law is that a pleading must always be construed most unfavorably to the pleader."). Addressing pleas in bar specifically, Joseph Chitty noted a more general application of the rule in his seminal treatise on pleading:

> As it is a natural presumption that the party pleading will state his case as favorably for himself as possible, and that if he do not state it with all its legal circumstances, the case is not in fact favorable to him, it is a rule of construction, that if a plea has on the face of it two intendments, it shall be taken most strongly against the defendant; that is, the most unfavorable meaning shall be put upon the plea; a rule which we have seen obtains also in the case of other pleadings.

1 Joseph Chitty, Precedents of Pleading *571 (1808); see United States v. Linn, 42 U.S. (1 How.) 104, 110-11 (1843) (citing Chitty favorably for the proposition that pleas are "to be construed most strongly" against their proponent).

Husband contends that Wroblewski v. Russell, 63 Va. App. 468, 759 S.E.2d 1 (2014), Boyd v. Boyd, 2 Va. App. 16, 340 S.E.2d 578 (1986), and Harrell, 272 Va. 652, 636 S.E.2d 391, dictate a contrary conclusion. Those cases, however, are distinguishable from the facts at bar.

In Wroblewski, the trial court awarded wife spousal support even though it struck the only pleading in which wife demanded spousal support and husband did not raise the issue of spousal support. 63 Va. App. at 475-76, 759 S.E.2d at 4. Thus, "it was error for the trial court to award spousal support *without any pleading at all* before the court making the request." Id. at 477, 759 S.E.2d at 5. In Boyd, this Court reversed the trial court's award of spousal support to wife where neither husband nor wife raised the issue in their pleadings, noting that a "general prayer . . . for 'further relief'" was insufficient to justify the award. 2 Va. App. at 19, 340 S.E.2d at 580. Finally, in Harrell, the trial court awarded wife a reservation of spousal support even though it dismissed both pleadings in which she requested spousal support and husband's pleading specifically requested "that *he* be awarded permanent spousal support." 272 Va. at 654, 636 S.E.2d at 393 (emphasis added). In reversing the award, the Supreme Court held that "Ms. Harrell had no valid pleading before the trial court requesting permanent spousal support" because "[w]ithout such a pleading, it was error for the trial court to grant a reservation of spousal support to her." Id. at 658, 636 S.E.2d at 395.

In contrast, a recent unpublished decision of this Court addresses the exact issue presented by this case.[5] In Ruane v. Ruane, No. 1285-15-2, 2016 Va. App. LEXIS 320, at *8-9 (Va. Ct. App. Nov. 22, 2016), this Court held that the trial court properly awarded wife spousal support based on a request for relief in husband's complaint for divorce even though wife's complaint for divorce made no such request. Husband's complaint specifically requested that

---

[5] Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f).

"the Court make an appropriate award of spousal support," and this Court ruled that husband's open-ended request "was sufficient to permit the circuit court to award spousal support to wife in the final decree of divorce, even though it was husband who made the request to the court." Id. at *11.

In this case, exactly like the situation in Ruane, there was a valid pleading before the court requesting spousal support even though it did not specifically name the party to whom the trial court should award support. Despite husband's reliance on Harrell, that case is distinguishable in that the husband there requested spousal support exclusively for himself; here, husband's motion simply asked the trial court "to decree the maintenance and support of the *spouses*." (Emphasis added). Husband's motion to decree spousal support was sufficient to raise the issue for adjudication, and the trial court properly awarded spousal support to wife upon that basis. Accordingly, this Court finds that the trial court correctly ruled that it could reach the issue of spousal support based on husband's pleading, and it therefore appropriately dismissed husband's motions to strike and for summary judgment.

## B. Limitations of husband's motion

In assignments of error 5 and 7, husband argues that the trial court erred in awarding wife indefinite spousal support despite his request to limit relief to a denial of spousal support to wife or to an award of defined duration. For the following reasons, the trial court did not err in its award.

On remand, husband for the first time contended that his motion was limited to a request of denial of spousal support for wife: "What I want to make clear to the Court going forward is with regards to [husband's motion], we are specifically limiting the request for relief to a denial of spousal support for wife. [Husband] is not seeking spousal support for himself, nor is he seeking a reservation." The language of husband's motion, however, is inconsistent with a

- 13 -

request for denial of spousal support to wife. As the trial court observed, husband's request for a decree of spousal support followed immediately by a qualification that any award be limited to a defined duration implied that husband's pleading contemplated an award of support to wife. Indeed, in deciding husband's initial appeal, this Court specifically distinguished husband's pleading from a request for denial of support: "Thus, Werner permits one party to request a provision in the final decree denying an award of spousal support to the other party (as in Werner) or limiting the other party's spousal support award to a defined duration (as here)." Ozfidan, 2015 Va. App. LEXIS 148, at *28. Moreover, because husband did not seek leave to amend his pleading pursuant to Rule 1:8, his characterization of the motion as one to deny wife spousal support is merely a nonbinding request of the trial court, and wife had a right to rely on his pleading unless and until it was amended with leave of court. Cf. Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 795 (1983) (recognizing that "[u]nless amended, a litigant's pleadings are binding upon him . . . [and] [h]is opponent is entitled to rely upon the position [the litigant] takes"). As husband conceded during the hearing on remand, "the Court may be inclined to deny or disregard the limitation of the relief we are requesting." The trial court was so inclined, and this Court finds that the trial court did not err in denying husband's request to interpret his motion to decree spousal support as a demand that wife be denied spousal support.

Husband's contention that the trial court erred in making an indefinite spousal support award to wife when husband's pleading requested any award be for a defined duration is also unavailing. The trial court was not bound by the request in husband's pleading. Code § 20-107.1(C) provides that "[t]he court, *in its discretion*, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." (Emphasis added). "[T]his statute does not require the trial court to specify the date of termination of a

spousal support award.  In fact, the language allows the trial court to order an award for an undefined duration."  Joynes v. Payne, 36 Va. App. 401, 423, 551 S.E.2d 10, 21 (2001).  Accordingly, the trial court did not abuse its discretion in determining that it could make an indefinite award of spousal support notwithstanding the limitation sought in husband's motion.

C.  Evidentiary support for wife's award

Having concluded that the trial court could make an indefinite award of spousal support, this Court now reviews assignment of error 10, in which husband contends that the trial court abused its discretion in setting the amount of the award at $1200 because there was insufficient evidence to support that amount.  For the following reasons, the trial court did not abuse its discretion.

The principles governing a trial court's determination of an indefinite spousal support award are familiar.  Code § 20-107.1(F) provides in part that "[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order."  "In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'"  Duva v. Duva, 55 Va. App. 286, 300, 685 S.E.2d 842, 849 (2009) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).  In making an award for an indefinite duration, the trial court need only "identify the subsection (E) factors supporting the award and explain the resolution of significant factual disputes."  Cleary v. Cleary, 63 Va. App. 364, 370 n.4, 757 S.E.2d 588, 591 n.4 (2014).  The trial court's findings, however, "must have some foundation based on the evidence presented."  Wooley v. Wooley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  Accordingly, where the record indicates that the trial

court properly considered each of the statutory factors, this Court will not disturb its determination as to spousal support. Miller, 44 Va. App. at 679, 607 S.E.2d at 128.

Husband contends that the trial court improperly adopted the amount of the JDR court's award in its spousal support award without sufficient supporting evidence. Specifically, husband alleges on brief: "The *pendente lite* support award to [wife] was $1,212.72 per month. The trial court upon remand ordered $1,200 per month as permanent spousal support. The trial court simply adopted the *pendente lite* spousal support award as the permanent spousal support amount . . . ." Husband correctly notes that *pendente lite* spousal support awards are generated according to a statutory formula contained in Code § 16.1-278.17:1 and not by consideration of the factors in Code § 20-107.1(E). The record before this Court, however, is far from clear regarding the nature and extent of the JDR court's spousal support award.

No JDR court spousal support order, *pendente lite* or otherwise, is included in the record. Moreover, the parties themselves appear unable to agree on the amount or nature of the JDR court award. During the November 16, 2015 hearing, in response to repeated assertions by counsel for husband that the JDR court award was *pendente lite*, the trial court stated: "The order doesn't say *pendente lite*. It says support order." During the same exchange, counsel for wife stated: "It [the JDR court order] was not *pendente lite*. The last paragraph states that [there is] nothing further remaining to be done. It is hereby ordered that this cause is stricken from the docket and remanded." Moreover, when asked on direct examination during the February 8, 2016 hearing whether "the spousal support award as it currently stands is about $1,200 per month, correct?," husband replied, "$1,287, I believe." Thus, in light of the many omissions and conflicts within the record, this Court cannot determine the nature or amount of the JDR court's

support award to wife and thus is unable to evaluate husband's contention that the trial court improperly adopted the JDR court award amount in its own spousal support award.[6]

Notwithstanding these omissions, the record that is before this Court reveals that the trial court properly considered the statutory factors and did not use the *pendente lite* formula in reaching the ultimate spousal support award at issue here. On remand, the trial court heard evidence regarding each of the Code § 20-107.1(E) spousal support factors during hearings on November 16, 2015 and February 8, 2016. In its April 25, 2016 final order, the trial court concluded that "based on the factors the court is to consider for awarding spousal support the evidence presented supports an award of spousal support to the plaintiff [wife] of $1,200 per month." The final order incorporated the trial court's reasoning in its detailed February 11, 2016 opinion letter, which addressed the required factors set forth in Code § 20-107.1(E).[7]

---

[6] At oral argument, counsel for both husband and wife for the first time acknowledged that a worksheet containing the Code § 16.1-278.17:1 statutory formula was physically attached to the JDR court order awarding wife spousal support, although they disagreed as to whether the award itself was calculated using the statutory formula. As noted, however, neither the JDR court award nor the worksheet are included in the record and thus are beyond the scope of this Court's review. Cf. Campbell, 2011 Va. App. LEXIS 264, at *27 n.3.

[7] Code § 20-107.1(E) requires the trial court consider the following factors in making a spousal support award:

> 1. The obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature;
> 2. The standard of living established during the marriage;
> 3. The duration of the marriage;
> 4. The age and physical and mental condition of the parties and any special circumstances of the family;
> 5. The extent to which the age, physical or mental condition or special circumstances of any child of the parties would make it appropriate that a party not seek employment outside of the home;
> 6. The contributions, monetary and nonmonetary, of each party to the well-being of the family;

Specifically, the trial court noted the following evidence in considering the statutory factors: that wife has a gross monthly income of $1170 compared to husband's gross monthly income of $7222; that the marriage lasted fourteen years; that wife, who is fifty years old with only a high school diploma, has been out of the job market for many years and is thus "limited in her job prospects"; that wife has custody of the twin ten-year-old children; that wife worked to support the family until husband earned his Ph.D., whereupon husband primarily supported the family while wife cared for the children; that wife lives in a modestly priced apartment while husband's support payment history indicates he has the resources to pay support even after equitable distribution awarded him most of the marital debt; that wife has taken only one vacation in the four years since separation while husband has taken multiple trips to resorts and to international

---

7. The property interests of the parties, both real and personal, tangible and intangible;
8. The provisions made with regard to the marital property under § 20-107.3;
9. The earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity;
10. The opportunity for, ability of, and the time and costs involved for a party to acquire the appropriate education, training and employment to obtain the skills needed to enhance his or her earning ability;
11. The decisions regarding employment, career, economics, education and parenting arrangements made by the parties during the marriage and their effect on present and future earning potential, including the length of time one or both of the parties have been absent from the job market;
12. The extent to which either party has contributed to the attainment of education, training, career position or profession of the other party; and
13. Such other factors, including the tax consequences to each party and the circumstances and factors that contributed to the dissolution, specifically including any ground for divorce, as are necessary to consider the equities between the parties.

destinations; and that the divorce was granted on cruelty grounds after a pattern of husband's physical abuse culminating in him breaking wife's arm in 2012.

Thus, based on the record before this Court, the trial court did not abuse its discretion in awarding wife spousal support of $1200 per month because the evidence was sufficient to support the trial court's award.

### D. Entry of support award after divorce decree

In assignment of error 8, husband contends that the trial court was without authority to enter its April 25, 2016 final order awarding spousal support when the final divorce decree had been entered June 9, 2014. This argument is without merit because the spousal support issue arose from the divorce decree.

Throughout the protracted litigation in this case, husband has sought to reduce or eliminate wife's spousal support award. After the JDR court awarded wife spousal support, husband apparently filed a motion to reduce, which he lost, and then a *de novo* appeal to the trial court, which he also lost during the March 10, 2014 hearing.[8] Husband then filed his motion to decree spousal support on March 18, 2014 seeking a more favorable trial court ruling to extinguish the JDR court's award. The trial court ruled in a handwritten addendum to the June 9, 2014 divorce decree that "[Husband] moved for an award of spousal support which motion was overruled as [wife's] pleadings never requested spousal support. [Husband] objects." In his initial appeal to this Court from the divorce decree, husband's tenth assignment of error stated: "The Court erred in finding that it lacked authority to decree spousal support because the [wife] did not request it in her pleadings." Ozfidan, 2015 Va. App. LEXIS 148, at *13. This Court agreed with husband and remanded for reconsideration of the spousal support issue. Id. at *29.

---

[8] As noted previously, these proceedings are not documented in the record except for references to them in the hearing transcripts and the parties' briefs.

The trial court's April 25, 2016 final order awarding spousal support is thus the ultimate outcome of this protracted litigation, constituting a ruling on husband's original motion to decree spousal support.

Husband's position with respect to the present assignment of error constitutes a complete reversal of the position he has held throughout the nearly three years the parties have litigated spousal support. To hold now that the trial court lacked authority to decree spousal support after entry of the divorce decree when husband objected to entry of that decree *because it did not address spousal support* would be a manifest absurdity. Because the issue of spousal support presented here arises from the June 9, 2014 divorce decree, this Court holds that the trial court properly awarded wife spousal support in its April 25, 2016 final order.

### E. Wife's waiver of right to spousal support

In assignment of error 9, husband argues that wife waived any right to spousal support by asking, in a motion dated March 20, 2014, that the trial court deny husband's motion to decree spousal support. This argument is also without merit.

"Waiver is the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it. . . . A waiver of legal rights will not be implied except upon clear and unmistakable proof of an intention to waive such rights." Roenke v. Virginia Farm Bureau Mut. Ins. Co., 209 Va. 128, 135, 161 S.E.2d 704, 708-09 (1968) (quoting 19 Michie's Jurisprudence, Waiver § 2). The facts at bar indicate that wife had no intent to relinquish her right to spousal support. Wife's opposition to husband's motion to decree spousal support was predicated on the belief that, absent a trial court ruling on spousal support, her favorable JDR court support order would remain in effect, a position wife has consistently maintained throughout this litigation. Only after this Court remanded the spousal support issue to the trial court for reconsideration did wife, knowing that a trial court award would nullify the

JDR court's award, begin affirmatively seeking a spousal support award in the trial court. Wife's desire to receive an award of spousal support, either from the original JDR court order or from the trial court, has remained constant throughout this litigation. Wife has done nothing to suggest her intent to waive any right to spousal support. Further, husband's reliance on Brown v. Brown, 5 Va. App. 238, 361 S.E.2d 363 (1987), for the proposition that wife waived spousal support is misplaced. In Brown, the divorce decree specifically left open the issue of spousal support, but wife's counsel stated in a subsequent proceeding, "Your Honor, we are not seeking spousal support," a position wife reiterated during her testimony. 5 Va. App. at 245, 361 S.E.2d at 368. The facts before this Court indicate no such "clear and unmistakable proof of an intention to waive" on wife's behalf. Roenke, 209 Va. at 136, 161 S.E.2d at 709. Accordingly, wife did not waive her right to spousal support.

## F.  Attorney's fees and costs

Wife requests an award of attorney's fees and costs pursuant to Rule 5A:30(b)(1), and husband requests that the costs of producing unnecessary parts of the record be placed upon wife pursuant to Rule 5A:25(g). This Court's decisions regarding awards of attorney's fees and costs on appeal are discretionary. See Rule 5A:30(b)(2); Rule 5A:25(g). Factors this Court considers include whether the requesting party prevailed, whether the appeal was frivolous, whether either party generated unnecessary expense or delay in pursuit of its interests, as well as "all the equities of the case." Rule 5A:30(b)(3)-(4); see O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). The litigation here, while protracted, was not frivolous but instead addressed appropriate and substantial issues. This Court therefore declines to grant wife's request for attorney's fees and costs. Although the record in this case was far from exemplary, this Court likewise finds that assessing a penalty on wife pursuant to Rule 5A:25(g) is inappropriate.

## IV.  CONCLUSION

For the foregoing reasons, this Court affirms the trial court's April 25, 2016 award of spousal support to wife.

<u>Affirmed.</u>